May Term,

Foote and Another *v.* Lefavour and Others.                **1855.**

Foote
v.
Lefavour.

Error in matter of form, although apparent on the face of a decree, is not a
sufficient ground for reversing it.

An exhibit may be proved in chancery at the hearing, and hence the proof
does not necessarily become part of the record.

The record of a suit in chancery stated that the cause was set down for hear-
ing upon bill, answers and depositions. A writing under seal upon which
the bill was founded was copied in the bill and also made an exhibit. The
record also showed that it had been proved. *Held,* that the omission to
state that the cause was set down on the exhibit as well as the bill, &c., was
a mere omission in a matter of form.

ERROR to the *Marion* Circuit Court.                     *Thursday,*
                                                          *June 14.*
Perkins, J.—Bill of review for errors of law appearing
upon the face of the original decree. Demurrers sustained
to the bill and the bill dismissed.

The decision must be affirmed. We have been able to
discover no error, at least of more than mere form, in the
original decree; but, says *Story,* in his Equity Pleading,
p. 456, s. 411, "error in matter of form only, although ap-
parent on the face of a decree, seems not to have been
considered a sufficient ground for reversing the decree."

In this case, the original bill was filed against infant
heirs, &c., for the redemption of property. The writing
under seal on which the bill was founded was set forth in
full and made an exhibit. The heirs were duly served
with process, and a guardian *ad litem* appointed, who an-
swered for them. The case was plainly proved; and the
record presents a more than ordinary degree of accuracy
of proceeding.

It is objected that the exhibit mentioned above was not
proved. The answer is, that it might have been proved
by parol at the hearing, and, hence, the evidence not made
a part of the record; and, further, that, in point of fact,
the record does show it was proved. It is clearly shown
by the testimony of *Harrison, Phipps* and others, that they
conversed with the obligor in the instrument, and that he
uniformly recognized its genuineness.

It is also objected that in setting down the cause for

hearing, it is not stated that it was not done upon said exhibit. The record states that the cause was set down upon bill, answers and depositions. Now, the exhibit in question was literally copied into the bill; it was made the subject of proof; the whole case turned upon it; it was before the Court; and the mere omission to state, in setting down the cause, that it was set down specially upon it, as well as other matters, can be no more than one of those mere "matters of form" which *Story* says will not cause a reversal.

*Per Curiam.*—The decree is affirmed with costs.

*R. L. Walpole*, for the plaintiffs.

*J. Morrison* and *S. Major*, for the defendants.