*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*R. C. Gregory*, for the appellee.

---

MARTINDALE and Others *v.* PRICE.

If the plaintiff fail to reply to a paragraph of the answer which would bar a recovery, the defendant has a right to judgment on the pleadings; but if he fail to assert that right in the lower Court by a proper motion, he cannot be allowed to avail himself in the Supreme Court of the facts admitted by the pleadings.

The transfer of a lease by assignment may be by a separate instrument, and such instrument, being a transfer of an interest in land, may be properly recorded; but it will not operate as constructive notice to a subsequent purchaser, if it fail to describe the premises, and define the term, or to contain language of description by which the original lease can be recognized as the thing transferred.

APPEAL from the *Franklin* Circuit Court.

DAVISON, J.—This was an action to recover a tract of land in *Franklin* county. The appellee was the plaintiff, and *William Gordon, Peter Woods,* and *Amos Martindale,* the defendants.

The complaint alleges these facts: *Gordon,* being the owner of the land in dispute, executed, acknowledged, and delivered to one *William P. Montague,* a bond and lease, which was, on the 11th of *September,* 1856, duly recorded in the recorder's office of said county. By the instrument thus executed, &c., *Gordon* leased the land to *Montague* for ten years, at the yearly rent of 25 dollars, binding himself, if *Montague* should pay 350 dollars at any time during the term, to convey the land. *Montague* took possession of the leased premises, and built thereon a tanyard,

dwelling-house, and outhouses, worth 400 dollars. On the 25th of *September*, 1857, *Montague*, by a written instrument attached to a copy of the lease and bond, conveyed and transferred to the plaintiff all his (*Montague's*) interest in the tanyard and premises, which written instrument was, on the 30th of that month, duly recorded, &c. *Woods*, on the 5th of *November*, 1857, induced *Montague* to assign to him the original lease and bond; and on the 1st of *February*, 1858, *Woods* assigned the same to *Martindale*. This second assignment was not recorded. *Woods* and *Martindale*, on the 5th of *February*, prevailed upon *Gordon* to convey the land to the latter by deed in fee simple, and the three, *Woods*, *Martindale*, and *Gordon*, had due notice of assignment to the plaintiff, and fraudulently combined to cheat him out of his title. The relief prayed is, that the deed to *Martindale*, and also the assignment to him, be annulled, and that the plaintiff recover possession, &c.

Defendants' answer contains three paragraphs—

1. They deny all the allegations in the complaint, except the several assignments to *Woods* and *Martindale*, and the deed to the latter.

2. They set up the execution of the bond and lease to *Montague*, and aver that he employed *Woods* to erect on the leased premises a tanyard, dwelling-house, and outbuildings; that *Woods* furnished the materials and made the improvements, and, in addition, supplied *Montague* with various sums of money, and thus he became indebted to him 1,500 dollars; that in order to discharge this indebtedness, *Montague* transferred the bond and lease to *Woods*, who had no knowledge of any transfer of the same to the plaintiff; and that *Woods*, on the 1st of *February*, 1858, transferred all his interest in the bond and lease, and in the premises, to *Martindale*, who paid to *Gordon* the 350 dollars specified in the bond, and received from him a conveyance in fee simple. It is averred that these transactions were *bona fide*.

3. That the assignment of the bond and lease made upon a copy of the same, as set up in the complaint, was

May Term,
1860.

MARTINDALE
v.
PRICE.

intended by the plaintiff, when he procured it, to defraud *Woods*, who had made the improvements, and to cheat him out of the money, means, and labor which he had expended thereon; and that the assignment was only made as collateral security for a pretended claim of 250 dollars, set up by the plaintiff against *Montague*, which claim has been fully paid.

Demurrer to the second paragraph of the answer sustained. To the third there was no reply.

Verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment, &c.

The record contains the evidence. It consists of the bond and lease, of the various assignments on these instruments as set forth in the pleadings, and of the deed from *Gordon* to *Martindale*.

But the appellants contend that the facts alleged in the third paragraph of the answer were an effective bar to the action, and having passed without a reply, they stood admitted upon the record, and, consequently, no valid judgment could be rendered against the defendants.

The code says that when the answer contains allegations of new matter, the plaintiff may reply; but when he fails to reply, and the new matter set up in the answer, if material, stands uncontroverted, it shall, for the purposes of the action, be taken as true. 2 R. S. pp. 42, 44, §§ 67, 74.

In *Mc Carty* v. *Roberts*, 8 Ind. R. 150, it was held that the new matter constituting a defense under the code, means some fact which the plaintiff is not bound to prove, in the first instance, to establish his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the complaint. *Norman* v. *Norman*, 11 Ind. R. 288.—*Stoddard* v. *The Annual Conference, &c.*, 12 Barb. 573.

As has been seen, the third paragraph alleges, substantially, that the assignment of the lease to the plaintiff was procured by him with intent to cheat and defraud *Woods* out of his money and labor expended in improving the leasehold premises, and was made by *Montague* as collate-

ral security for a debt of 250 dollars, which had been paid, &c. Now these are allegations of new matter, and they are material, because, if they are true (and in the absence of a reply they must be conceded to be so), the plaintiff has no available title to the premises.

But the appellee insists that error, upon the admission of the facts stated in the third paragraph, is not assignable in this Court, because no such error was pointed out to the Circuit Court.

The plaintiff having failed to reply to this paragraph, which was a bar to his recovery, in effect admitted that he had no cause of action, and the statutory rule is, that where, upon the statements in the pleadings, one party is entitled by law to a judgment in his favor, judgment shall be so rendered by the Court, though a verdict has been found against such party. 2 R. S. p. 121, § 372.

Thus it will be seen that the defendants had a right to a judgment on the pleadings; but having failed, in the lower Court, to assert that right, the inquiry arises, can they assert it in this Court?

We have often decided that causes should not be reversed on questions never raised in the Court below. 5 Ind. R. 300.—8 id. 96.—9 id. 421.—10 id. 5. There may be an exception to this rule, viz., where the record on its face shows that the lower Court had no jurisdiction of the cause or the parties. But we perceive no reason why it should not be applied in the case before us. Under the enactment which we have quoted, the defendants could have moved in arrest of judgment, or for a judgment *non obstante veredicto*. But having omitted to make either motion in the Circuit Court, they cannot be allowed to avail themselves in this Court of the facts admitted by the pleadings. *Willey* v. *Strickland*, 8 Ind. R. 453.

As we have seen, the complaint avers notice to *Woods*, *Gordon*, and *Martindale*, of the assignment to the plaintiff. This the answer denies, and there being no evidence tending to prove actual notice, the plaintiff, in support of the affirmative of that issue, relies upon the registry of the assignment to him by *Montague* as constructive notice.

That assignment, as has been seen, was by a written instrument attached to a copy of the lease. The instrument was recorded *September* 30, 1857, and the record of it, as given in evidence, reads thus:

"Know all men that I, the within *William P. Montague*, the lessor, for the consideration of 275 dollars to me in hand paid by *Nathaniel Price*, have granted, assigned, and set over, and by these presents do grant, assign, and set over to said *Price*, the within indenture of lease, and all the leasehold estate thereby demised, with the appurtenances, and also all my estate, right, title, and term of years yet to come, of, in, and to the same, to have and to hold the said messuage, unto the said *Price*, for the time yet to come in said lease, under the yearly rents and covenants within reserved and contained, on my part to be done, kept, and performed. In witness whereof, I have hereunto set my hand and seal, this 25th of *September*, 1857.                    *William P. Montague.*"

It may be noted that the copy of the lease to which this instrument of assignment was attached, never was recorded; but the instrument alone was on the record when the original lease was assigned to *Woods*. Hence, the inquiry arises, was the assignment, so on record, constructive notice to him? If it was not, then he was, in view of the case made by the record, a purchaser for a valuable consideration without notice, and the issue should have been found for the defendants; because, as we have seen, there was no evidence tending to prove actual notice. No doubt the transfer of a lease by assignment may be by a separate instrument; and such assignment being a transfer of an interest in lands, is a thing proper to be recorded.

But it is said that the registry of this assignment did not operate as notice, because it does not describe the leased premises, or define the term, nor does it use language of description by which the original lease can be recognized as the thing transferred. We are inclined to the opinion that this position is correct. A recorded instrument, in order that it may operate as constructive

May Term,
1860.

notice, should itself describe with certainty the subject-matter to which it relates, or it should refer to another recorded instrument in which such certain description may be found. Here, the assignment simply refers to the copy of a lease; but does not say whether the original from which that copy was made, was or was not recorded; and it seems to us that *Woods*, had he searched the records, at any time, prior to his purchase, could not have discovered that the leasehold which he proposed to buy, had been sold to any one.

We are of opinion that the record in question is not operative as constructive notice, and the result is, the averment in the complaint of notice to the defendants, is not sustained by the evidence. It follows that the verdict was erroneous, and a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour* and *J. D. Howland*, for the appellants.
*G. H. Holland*, for the appellee.