HANES *v.* WORTHINGTON.

The contrary not appearing by the record, it will be presumed that the Court trying the cause was regularly held, and the cause properly brought to trial.

In an action for the use and occupation of premises, the plaintiff may recover what the use was worth during the occupancy of the defendant, although that sum, in proportion to the annual value, be greater than the time of the occupancy in proportion to the whole year.

*Tuesday,*
*June 5.*

APPEAL from the *Warren* Court of Common Pleas.

WORDEN, J.—Suit by the appellee against the appellant, for the use and occupation of a certain warehouse. Trial by jury. Verdict and judgment for the plaintiff, over a motion for a new trial.

It is assigned for error that the cause was tried in vacation, after the expiration of the time fixed by law for the sitting of the Court. It appears by a bill of exceptions, "that before entering into the trial of the cause, the defendant objected to entering upon the trial, because the Court had no jurisdiction of the cause at this term of the Court, and had no right to try the cause," &c.; but the objection was overruled, and the cause proceeded to trial. It sufficiently appears by the record, that the cause was tried at an adjourned term of the Court. Indeed, the bill of exceptions shows that it was not tried in vacation, but at a term of the Court. The statute fully authorizes the Court to hold an adjourned term, for the purpose of completing the business undisposed of. Acts of 1855, p. 78, § 94. The contrary not appearing, we will presume that the Court was regularly held, and the cause properly brought to trial.

The reasons filed for a new trial were, that the verdict was not sustained by the evidence, and that the Court refused to instruct the jury as asked by the defendant.

The following is the instruction asked by the defendant, the first part of which was given, and the latter part refused, viz.: "In an action for the use and occupation of premises, the plaintiff can only recover for the time during which the premises were actually used and occupied, unless

a contract to the contrary effect is proven. And where he recovers merely for use and accupation, in the absence of any contract, the proportionate amount of the annual value is all that he can recover."

It may, perhaps, be questionable whether the proposition laid down in the first branch of the instruction is not more favorable to the defendant than he could ask, inasmuch as all general tenancies, in which the premises are occupied by the consent, either express or constructive, of the land-lord, are deemed tenancies from year to year. We are not called upon, however, to decide whether, in some cases, an action for use and occupation would not lie for a whole year's rent, where there was such general tenancy, though the premises were not actually occupied for the whole year by the tenant.

The latter branch of the instruction was correctly refused. The suit was brought for a year's rent. The Court had already told the jury, in effect, that the plaintiff could only recover for the time the defendant occupied. We know of no principle or decision limiting rent to be recovered, for use and occupation for less than a year, to a sum only proportionate to the annual value of the premises. The use of a building (as in this case, a warehouse), may, dur-ing a part of the year, be worth much more than during the other part, owing to the purposes to which it is applied, the nature of the business carried on, and the season of the year when the business is conducted. The use of a ware-house used for storing grain, for a period of the year em-bracing the time when grain is usually stored, might be worth nearly the whole of the annual value. We are of opinion that the plaintiff was entitled to recover at least what the use of the premises was worth during the period they were occupied by the defendant, although that sum was greater, in proportion to the annual value, than the proportion which the time occupied bore to the whole year.

Error is assigned upon the ruling of the Court upon the admission of testimony, but as a new trial was not asked upon this ground, the error, if any was committed, was

waived, and we need not examine as to the correctness of the ruling.  *Kent* v. *Lawson*, 12 Ind. R. 675.

We cannot reverse the judgment upon the evidence. That, to say the least of it, tends to support the verdict, and we cannot say that substantial justice has not been done.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*R. A. Chandler*, for the appellant.

*M. M. Milford*, *I. A. Rice* and *A. A. Rice*, for the appellee.