Nov. Term,
1861.

KNOWLTON
v.
MURDOCK.

</div>

---

## KNOWLTON and Another v. MURDOCK.

A judgment can not be reversed for error committed in sustaining or overruling a demurrer for misjoinder of causes of action.

Where there has been a trial without an issue, in the Court below, the defect must be brought to the attention of that Court, before it can be noticed in the Supreme Court.

APPEAL from the *Cass* Circuit Court.

*Per Curiam.*—Suit by *Murdock* against the appellants, counting, *first*, upon a special contract; *second*, for goods bargained and sold; and, *third*, for goods sold and delivered. Judgment for the plaintiff.

<div style="text-align:right">

*Friday,*
*December* 13.

</div>

The appellants assign three errors: 1. The overruling of a demurrer to the complaint. 2. That there was a trial without an issue. 3. The refusal of the Court to grant a new trial.

Two causes of demurrer were assigned: *first*, that the complaint did not state facts sufficient, &c.; and, *second*, misjoinder of causes of action.

The complaint evidently states facts sufficient; indeed, no defect in this respect is pointed out in the brief of counsel. As to the supposed misjoinder, if any error was committed in this respect, the judgment can not, for that cause, be reversed. Code, § 52.

Nov. Term, 1861.

As to the second error assigned, we may remark that the record is somewhat confused as to the issues. A bill of exceptions taken by the appellants states, that upon the trial of the cause, *after the issues herein had been completed,* &c., the plaintiff offered certain evidence.

Whatever may have been the state of the issues, no advantage was sought to be taken of the alleged defect in the Court below; and it has been several times decided, that such objection can not be successfully made, for the first time, in this Court.

There, were no written reasons filed for a new trial, or if filed, they are not in the record.

The judgment is affirmed, with 2 per cent. damages and costs.

*E. Walker,* for the appellants.

*L. Chamberlin,* for the appellee.