Preston et al. *v.* Sandford's Adm'r.

——————◆◆◆——————

Preston *et al. v.* Sandford's Administrator.

Practice in Supreme Court—Waiver.—This Court will not reverse a judgment, in a valid cause for any error in the proceedings below, which was waived by the party against whom it was committed.

Waiver—Estoppel.—Where, in the progress of a cause, errors intervene, to which the party, against whom they are committed, has an opportunity to object, and he neglects to do so when they occur, or upon the trial, in any appropriate manner, such neglect will operate as a waiver thereof, and will estop him thereafter to avail himself of any objection based upon such errors.

APPEAL from the *Knox* Circuit Court.

Perkins, J.—In *February*, 1862, *Preston* and others filed a complaint in the *Knox* Circuit Court for the foreclosure of a mortgage against *Sandford* and others. The mortgage was executed, as was the note secured by it, by *George Sandford;*

but he had deceased before the suit for foreclosure was commenced, and, hence, it was instituted against *Richmond Sandford,* the devisee, and *Lance Hall,* administrator of said *George Sandford's* estate, and *Frederick W. Vehie,* a purchaser of the equity of redemption of *George Sandford.*

The defendants answered as follows:

*Vehie* admitted the complaint.

*Lance Hall* and *Richmond Sandford* answered, jointly in two paragraphs, setting up payment of the note and mortgage.

This answer seems to have been demurred out. *Lance Hall* afterwards answered separately, in two paragraphs, setting up fraud and payment. There was a reply, denying the answer of payment, and a demurrer sustained to the paragraph setting up fraud. At this stage of the case, *Hall* died, and *Horace B. Shepherd,* administrator *de bonis non,* of *George Sandford's* estate, was substituted as defendant in his stead, and the cause continued for process upon *Shepherd,* which was served. At the next term, a rule was taken upon the defendants for an answer. There had been demurrers, amendments, refiling of pleadings, &c., and the record is somewhat confused in relation to the issues. No exceptions, however, it should be stated, were taken by either party in the progress of the cause. The next entry of record is as follows:

"Come the parties by their attorneys, and, the issues being joined, by agreement of the parties, a jury is waived, and the cause being submitted to the Court for trial, the Court finds the facts," &c.

A judgment of foreclosure and sale was rendered, and that the surplus money, if any, be paid to *Vehie,* the purchaser of the equity of redemption. No exception was taken by any one to any part of the judgment, nor to any step taken in the cause. Subsequently, the mortgaged premises were sold, pursuant to the judgment of foreclosure, to *William Buscher.* Afterwards, a suit for review of the judgment was instituted

for errors alleged to be apparent upon the face of the record, viz:

1. *Shepherd*, the administrator *de bonis non*, was not regularly made a party.

2. The defendants' answer was not replied to, and, hence, being new matter in avoidance, was necessarily taken as true, and entitled the defendants to judgment.

3. The surplus money should not have been adjudged to *Vehie*.

The first assigned error is not insisted on in the brief of counsel. The second raises the main question.

It is claimed that there was a trial without an issue. Concede the fact, for the purposes of this case, and what must follow?

We think we may safely lay down the proposition, that no Court of review will reverse a judgment, in a valid cause, for an error in the proceedings, which was waived by the party against whom the error was committed. Such a party is estopped to assert the error. As to him, indeed, it is not error. His waiver takes away, as to him, the quality of error in the proceeding. It is the province of Courts of error and review to relieve a party injured from the consequences of erroneous rulings of the *nisi prius* Courts, made against the party's consent, and over his objection.

But how must this waiver, by the party to a ruling below, appear? It need not be entered formally upon the record. It appears by the absence of any objection and exception. Where a party is in Court, it is held, that "every failure to assert a legal right, at the proper time, [during the progress of a cause,] is a waiver of that right." *Zehner* v. *Beard*, 8 Ind. 96. "In *The Commonwealth* v. *Sowell*, 9 Met. 572, the Court say, in reference to an erroneous ruling on the trial below, that, as the defendant had an opportunity, but failed to avail himself of it on the trial, of making his objections, his

acquiescence was a waiver, and estopped him to raise it after-wards." *McCorkle* v. *The State*, 14 Ind. 39. To the same ef-fect, *Hornburger* v. *The State*, 5 Ind. 300; *Stump* v. *Fraley*, 7 Ind. 679; *The State* v. *Swartz*, 9 Ind. 222; *Kent* v. *Lawson,* 12 Ind. 675, 678; *Vance* v. *Cowing*, 13 Ind. 460, 462; *Martindale* v. *Price*, 14 Ind. 115; *The State* v. *Manly*, 15 Ind. 8; *Hindman* v. *Troxall, id.* 123; *Henley* v. *Kerr, id.* 391; *Knowlton* v. *Murdock*, 17 Ind. 487; *Davis* v. *Engler*, 18 Ind. 312; *Nelson* v. *Johnson, id.* 330, 333. The last case, *Nelson* v. *Johnson,* not only carries out the rule, but applies it to a complaint for review. See *Ingersoll* v. *Bostwick*, 22 N. Y. Rep. 425.

Applying, now, this doctrine to the case at bar, when the defendant had put in his affirmative answers, containing matter of avoidance, he was entitled to his rule for a reply; and, on a failure of the plaintiff to comply with it, he might have craved judgment against him, taking his answers, as admitted, to be true. He was not bound to go to trial till issue was formed; but he consented to; he waived the reply, the preliminary step to a trial, and consented to treat the answers as untrue, though not denied, and to go to the proof of them as though denied. A trial was had accordingly, and resulted adversely to the defendant. All this appears of record. Hence, upon the record, as it stands, the defendant is not entitled to judgment. Such is the settled practice under the code, on appeals to the Supreme Court. *Martindale* v. *Price*, 14 Ind. 115; *Henly* v. *Kerr*, 15 Ind. 391; *Knowlton* v. *Murdock*, 17 Ind. 487; *Davis* v. *Engler*, 18 Ind. 312.

It would be impolitic to allow a party to consent to go to trial upon a given state of the record, take his chance of success upon it, and, failing, to then turn round, repudiate his own voluntary act, and thus defeat his opponent under all circumstances. There is nothing in the opinion in *Ely* v. *Hawkins*, 15 Ind. 230, in conflict with the view we have taken.

And if a party is not allowed to claim as errors, on appeal, any irregularity in the proceedings which he consented to, how can he be allowed such a claim in a suit for review for those irregularities which, as to him, are not errors? See *Ind. Mut. Ins. Co.* v. *Routledge*, 7 Ind. 28. Also, *Foot* v. *Lefavour*, 6 Ind. 473.

Another point: As a proposition of law, we take it that the equity of redemption of real estate goes to the heir, to a purchaser who buys it at a legal sheriff's sale, and to a devisee. It may be taken, by proper proceedings, from an heir or devisee, to be made assets for the payment of debts. See *Newkirk* v. *Burson et al.*, ante, page 129.

There being no error in the original judgment, for which it could be reversed, it is not, as we understand, claimed that there is any ground for setting aside the sale which took place under it. It may be observed, that the party might have moved for a new trial, and, on that motion, shown his excuse for going to trial without an issue, and that he had not thereby waived what was clearly an error otherwise.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded.

*Judah & Veihe*, for the appellants.
*John Baker*, for the appellee.