Ebersole et al. *v* Redding.

tion, "that the action is against two sureties, who must pay the money if the suit be maintained." Of this nothing is known. The record does not disclose by whom the money must be paid. If these gentlemen have ventured to indorse for the defaulter, they ought not to complain even though they may have to pay the money. It is a consequence of their suretyship, foreseen when they made the bond; and its hardship has in it neither law nor logic.

EBERSOLE *et al. v.* REDDING.

CONTRACTS—PAYMENT.—Notes payable on specified days can not be sooner paid without the consent of the payee. Notes will not be presumed to have been paid before they become due.

PRACTICE.—In actions upon notes and mortgages, any variances between the averments in the complaint and the causes of action filed with it, may be amended on motion, and will be deemed corrected in this Court.

PRACTICE IN SUPREME COURT.—Objections to the terms of the judgment below can not be first raised in this Court.

APPEAL from the *Wells* Common Pleas.

PERKINS, J.—Complaint filed in *November*, 1861, by *Redding* v. *Ebersole* and wife, to foreclose a mortgage. The mortgage was executed to secure three notes, the first of which became due the 1st of *September*, 1861; the second on the 1st of *September*, 1862; and the third on the 1st of *September*, 1863.

These notes being payable on fixed days, could not be paid before those days severally, unless the payee pleased to consent to receive payment before those days. It would have been otherwise, had they been payable on or before those days respectively. Notes will not be presumed to have been paid before they become due.

The complaint was accompanied by alleged copies of the notes and a copy of the mortgage, in which the notes were described, and variances between them and the averments in the complaint could thus be obviated by amendment, and would be deemed corrected. See notes to 2 G. & H. p. 291.

The complaint averred that the note then due had not been paid; and if it was defective in not also averring that the two not due were unpaid, the defect should have been remedied by means of a motion, the complaint containing but one paragraph, and that for the foreclosure of the mortgage, which became subject to foreclosure on the non-payment of one note, when due and unpaid.

No objection was taken below to the terms of the judgment, and objections thereto can not be first raised in this Court. *Preston* v. *Sandford's Adm'r,* 21 Ind. 156; *Baker* v. *Horsey, id.* 246.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*John R. Croffroth,* for the appellants.