————o————

26    285
165_   485

BENDER and Another *v.* THE STATE on the relation of PRETTYMAN, Trustee, &c.

BILL OF EXCEPTIONS.—A bill of exceptions purporting to contain the evidence stated that "the following evidence was before the court."
*Held,* that it did not sufficiently appear that all the evidence was set out.
FAILURE TO DEFAULT A CO-DEFENDANT.—TRIAL WITHOUT AN ANSWER.—Suit against three persons. Two of them appeared, and, without having filed an answer, went to trial; the other did not appear and no default was entered against him.
*Held,* that as the defendants went to trial below without objection, they cannot object in the Supreme Court that the case was not disposed of as to their co-defendant.
*Held,* also, that the failure of the defendants appearing to plead was not an irregularity of which they can complain.

APPEAL from the *Starke* Common Pleas.

FRAZER, J.—This was a suit upon the official bond of a township trustee.

A question is sought to be presented upon the sufficiency of the evidence to sustain the verdict, but we are

not at liberty to consider it, for the reason that it does not appear from the record that all the evidence is contained therein. A bill of exceptions states "that on the trial of the cause, the following evidence was before the court." Certainly no discussion is needed to show that this falls very far short of what is required by the rule of this court, and the established practice of all courts for the correction of error, to justify an examination of the evidence.

The sureties, two persons, appeared; the principal in the bond, though made a defendant also, did not appear. No disposition was made of the cause as to him, nor does the record disclose whether he was served with process or not. The sureties now appealing, having consented to go to trial without objection, insist here, for the first time, that no judgment could be taken against them alone, without disposing of the case as to their co-defendant. This is an objection which ought, for the purposes of justice, to have been made below and the question saved by an exception. Without thus affording an opportunity to the court below to pass upon the question, or to put upon the record the suggestion of "not found," if such were the fact, (and in that case the omission could by no possibility injure the defendants) we think it contrary to the whole spirit of our practice, as established by statute, to entertain the question here.

The appellants, without having filed any answer, went to trial. This, under the code, constitutes no available error here, when presented by the party whose failure to plead produced the irregularity. Without an answer the complaint was confessed by them, and it remained only to find the amount due and render judgment therefor.

The judgment is affirmed with costs.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellants.