## HAUN *v.* WILSON.

VERDICT.—AFFIDAVITS OF JURORS TO IMPEACH.—The affidavits of jurors cannot be used to impeach a verdict, but they may be used to sustain it.

NEW TRIAL.—The action of the court below in granting a new trial was assigned for error on an appeal from the judgment rendered on a second trial. One reason assigned for the new trial was the misconduct of the jury, which was attempted to be shown, in part, by the affidavits of jurors. The party in whose favor the verdict was, did not object to the filing of the affidavits.

*Held,* that though the court erred in receiving the affidavits of the jurors, yet, as no exception was reserved, the error is not available.

*Held,* also, that as other causes were assigned for a new trial, and it does not appear for what cause the new trial was granted, the Supreme Court will presume in favor of the correctness of the ruling of the court below.

CONTINUANCE.—A judgment will not be reversed for an error of the court below in granting a continuance.

DEPOSITIONS.—When the deposition of a witness who resides in a county

adjoining the place of trial is taken, on account of his sickness, without an order of court or an agreement of the parties, it cannot be used on the trial, unless it then appears that the cause for taking and reading the deposition still continues.

SAME.—The refusal of the court, in such case, to allow the deposition to be used on the trial, because it did not appear that the cause for taking it continued, furnishes no ground for a continuance.

SLANDER.—EVIDENCE OF CHARACTER.—Where, in an action for slanderous words imputing the crime of larceny, the defendant does not justify the speaking, and offers no evidence impeaching the plaintiff's character, evidence of the plaintiff's good character is not admissible.

GOING TO TRIAL PENDING A DEMURRER —It is the duty of the demurring party to present his demurrer to the court, and if he fails to do this, and goes to trial without calling the attention of the court to the fact that it is undisposed of, and fails to present the objection by motion for a new trial or in arrest, the error is waived.

APPEAL from the *Montgomery* Circuit Court.

ELLIOTT, J.—*Haun,* the appellant, sued *Wilson* for slanderous words alleged to have been spoken by him, charging the plaintiff with larceny

The case was finally tried at an adjourned term of the court, in *December,* 1866. The trial resulted in a finding by the jury for the defendant; upon which the court, having overruled a motion for a new trial, rendered judgment.

The cause was first put at issue and tried at the *March* term, 1865, when the jury found for the plaintiff, and assessed his damages at $500; but the court, on motion of the defendant, set aside the verdict and granted a new trial.

This action of the court raises the first question for the consideration of this court.

The reasons presented for a new trial were these:

" 1. The damages assessed are excessive.

" 2. The verdict of the jury is not supported by the evidence.

" 3. The misconduct of the jury in arriving at their verdict by lot."

In support of the third reason, the defendant filed the affidavit of one *Vanarsdoll,* the bailiff of the court, who attended the jury during their consultation. The affidavit

Haun *v.* Wilson.

states that after the jury had agreed to find for the plaintiff, they then agreed that each one should write the amount he thought the plaintiff ought to recover on a slip of paper; that the amounts should be added together and divided by twelve, and the sum thus obtained should be the verdict; that the jury all agreed to be bound by this. The defendant also filed the affidavit of three of the jurors who tried the case, sustaining the statements of the bailiff, and stating further, that they were not satisfied with the verdict, and did not know that they could object when the jury was polled, or they would have done so.

On the other hand, the plaintiff filed the affidavit of seven members of the jury, in support of the verdict, in which it is expressly stated that the jury did not arrive at the amount of the verdict by lot; but that after the jury unanimously agreed to find for the plaintiff, it was agreed that each juror should mark on a separate slip of paper the amount of damages he supposed the plaintiff entitled to; that after the amounts were so marked and compared, it was agreed by all the jurors that they should be added together and the aggregate divided by twelve, merely for the purpose of finding a basis upon which afterwards to arrive at a verdict, but that there was no agreement or intention on the part of any of the jurors to be bound by the result of said division; that the quotient resulting from the division was $583.75; that after the division was made it was not claimed by any juror that said amount should be the verdict, but that a proposition was made by one of them to fix the amount of the verdict at $500, which was fairly presented and unanimously agreed to by all the jury.

The law is well settled, by repeated rulings of this court, that the affidavit of jurors cannot be heard to impeach their verdict, but may be for the purpose of sustaining it. The facts presented in this case clearly demonstrate the propriety of the rule. The record shows that the jury was polled, and each juror declared for himself that the verdict returned was his; and it is difficult to believe that a juror

was so ignorant as not to know, when asked the direct question whether the verdict returned was his, that he could answer in the negative. To permit members of the jury, after the return of a verdict, thus to impeach it, would present to the unsuccessful party a strong temptation to tamper with jurors, and open a wide door to corruption. The court erred in receiving the affidavits of the jurors to impeach the verdict. The plaintiff excepted to the ruling of the court in granting a new trial, but he did not object or except to the filing of the affidavits of the jurors by the defendant, to impeach the verdict, and we cannot, therefore, reverse the case for that error. Nor can we reverse it because of the action of the court in granting a new trial. One of the reasons filed for a new trial, as we have seen, was, that the verdict of the jury was contrary to the evidence. The record does not show for what reason the new trial was granted, nor does it contain the evidence given on that trial. The new trial may, therefore, have been correctly granted, for aught that appears in the record to the contrary, for the reason that the verdict was contrary to the evidence; and, the contrary not appearing, we must presume in favor of the correctness of the ruling of the court.

Previous to the adjourned term at which the cause was finally tried, the court continued the cause twice, from one term to another, on application of the defendant, without, as the plaintiff alleges, sufficient cause being shown therefor. This is also assigned for error. We have not examined the affidavits upon which said continuances were made, for the reason that, even though the court erred in granting them, the judgment should not, for that reason, be reversed. *Ball* v. *The State*, 18 Ind. 362; *Shurtz* v. *Woolsey*, *id.* 435.

After the jury was empanneled and sworn, the plaintiff, to prove the speaking of the slanderous words laid in the complaint, offered to read in evidence the deposition of one *Simmons*, which had been duly taken on behalf of the plaintiff, and filed and published in proper time. The deposition was taken on the 7th of *September*, 1866, before a

justice of the peace of *Fountain* county, in this State, which adjoins the county of *Montgomery*, in which the action was pending, to be read in evidence on the trial of the cause, at the regular term of the *Montgomery* Circuit Court, to be held during the same month. *Simmons* stated in his deposition that his health was not such as to enable him to attend the court at *Crawfordsville*, at the *September* term thereof, 1866, unless it improved more rapidly than it had for the week previous to the date of the deposition. The defendant objected to the deposition being read in evidence; and, thereupon, Mr. *McCabe*, the plaintiff's attorney, being sworn, testified that he had seen *Simmons*, the witness, a week, or perhaps ten days, before the commencement of the then adjourned term of said court, at *Attica*, three miles south of which *Simmons* resided; that he was then informed by *Simmons* that he did not feel that it would be safe for him to attend said adjourned term of the court; that *Simmons* looked to be in bad health. The defendant was also sworn, and testified that he was at the residence of *Simmons*, about three miles south of *Attica*, in *Fountain* county, on *Saturday*, the day but one previous to the commencement of said adjourned term; that *Simmons* was then in good health, and told him (the defendant) that he had enjoyed good health for a long time previous thereto, with the exception of a little spell of sickness he had during the previous summer. The court thereupon rejected the deposition and refused to allow it to be read in evidence, on the ground that the cause for taking and reading the same did not exist at the time of said trial. The plaintiff excepted to the ruling, and insists that it was erroneous. We do not think so. The deposition was not taken by order of the court nor by agreement of the parties. Section 250 of the code provides that depositions may be taken and used on the trial of causes in the following cases. 2 G. & H. 175 :

" 1. Where the witness does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State.

"2. When the deponent is so aged, infirm, or sick, as not to be able to attend the court, or other place of trial, or is dead.

"3. When the depositions have been taken by the agreement of parties, or by the order of the court trying the cause."

It is further provided by section 259, "that when a deposition is offered to be read in evidence, it must appear, to the satisfaction of the court, that the cause for taking and reading it still exists." It was for the court to determine from the evidence produced whether the cause for taking the deposition existed at the time it was offered in evidence, and we think the evidence sustains the finding of the court. Section 266, to which we are referred by the appellant's counsel, has no relation to the question involved in this case.

Upon the rejection of the deposition, the plaintiff moved the court to continue the cause until the next term thereof, on the ground of surprise to the plaintiff, by the refusal of the court to permit the deposition to be read in evidence; but the court overruled the motion, to which the plaintiff also excepted. There was no error in this. The motion was not supported by affidavit. The witness had not been summoned to attend the court, and the plaintiff is presumed to have known that he could not read the deposition without first proving that the witness was not then able to be in attendance. The facts do not present any reasonable cause for surprise, but simply show neglect, on the part of the plaintiff, to use the proper means to procure the attendance of the witness.

After the evidence on the part of the defense was closed, the plaintiff offered to read in evidence the depositions of several witnesses, taken and filed by him, for the purpose of sustaining his general good character, but the defendant objected, and the court sustained the objection. This ruling is also complained of.

The plaintiff's character was not put in issue either by the pleadings or the evidence. There was no answer alleg-

ing the truth of the charge in justification, and no evidence was offered or given to the jury impeaching the plaintiff's character. The evidence offered was improper, and the court did right in rejecting it.

It is also objected that the evidence does not sustain the verdict. The evidence is before us. That given on behalf of the plaintiff supports the complaint, but it is all contradicted by the defendant's own testimony, and he is supported by another witness as to the matters testified to by one of the plaintiff's witnesses. It presents simply a case of conflict of evidence, in which it was the peculiar province of the jury to judge and determine the facts, and we cannot disturb their finding.

One other question remains to be considered. After the first verdict was set aside and a new trial granted, the plaintiff, by leave of the court, filed an amended complaint, to which the defendant answered:

1. The general denial.

2. That at the time the slanderous words are alleged to have been spoken by the defendant of the plaintiff, there was an action of slander pending in the *Warren* Circuit Court, in favor of said plaintiff, against said defendant and his wife, for slanderous words alleged to have been spoken of the plaintiff by the wife of the defendant; that the words charged in the complaint in this action were spoken of the plaintiff by the defendant in reference to the slander suit aforesaid, then pending against the defendant and his wife, and in the preparation of his defense therein, and in his capacity of defendant in that suit, and therefore were not spoken with any slanderous or malicious intent, "wherefore he demands judgment."

The plaintiff filed a demurrer to the second paragraph of the answer. It does not appear by the record that the question of law arising upon the demurrer was ever decided by the court, or that a reply was filed to that paragraph of the answer. The parties subsequently went to trial, without objection, leaving the demurrer undisposed of. The

question was not raised on the motion for a new trial, nor in any manner brought to the attention of the Circuit Court, but is presented for the first time in this court in the assignment of errors. That it was error to proceed to trial before the issues were made up, leaving the demurrer to the answer undecided, is too clear to require argument or the citation of authorities. This is not denied by the counsel of the appellee; but it is insisted that the appellant should have raised the question in the court below, and that having failed to do so, he waived it, and cannot, therefore, avail himself of it here, to reverse the judgment. Is this position correct?

A question somewhat analogous was decided in *Martindale* v. *Price*, 14 Ind. 115. There the plaintiff failed to reply to a paragraph of the answer setting up new matter, constituting a bar to the action. The failure to reply was tantamount, under the code, to an admission that the facts alleged in the answer were true, and entitled the defendant to judgment. But, without asserting this right, the defendant went to trial, without objection, and the plaintiff recovered. No motion was made in the court below for a judgment *non obstante veredicto*, or in arrest, or otherwise, by which the matter was brought to the attention of the court, but it was assigned for error on appeal. It was held, that by failing to raise the question in the court below, the defendant waived it and could not avail himself of the error in this court. This ruling was followed in the subsequent cases of *Henly* v. *Kern*, 15 Ind. 391; *Davis* v. *Engler*, 18 Ind. 312; and *Preston* v. *Sandford's Adm'r*, 21 Ind. 156. In the last case, the question was urged for the first time on a complaint for review, and the court held, that by consenting to go to trial, the defendant waived the reply and thereby consented to treat the answer as though denied, and go to the proof of the matters alleged.

It is laid down in all these cases as a general proposition, that a cause should not be reversed in this court, on a question never raised in the court below, in a proper manner to

direct the attention of that court to it, where it appears by
the record that the court had jurisdiction of the person and
the subject-matter. To which should be added, when the
judgment is for the plaintiff, that the facts alleged in the
complaint constitute a valid cause of action.

But in *Gray* v. *Cooper*, 5 Ind. 506, the precise question
involved in the case at bar seems to have been decided.
There, the parties proceeded to trial before a demurrer to
two paragraphs of the answer had been disposed of by the
court. The plaintiff recovered. It appears that a motion
for a new trial was overruled, but the causes assigned are
not stated. Nor is it clear, from the decision in the case,
whether or not the question was raised in any manner in
the court below. It was held to be error, and for that rea-
son the judgment was reversed. In answering an objection
that the parties had virtually waived the demurrer, it is
said that "nothing indicates such waiver," and the opin-
ion concludes by saying that it is the nature of a demurrer
to cut off all further proceedings until it is disposed of.

In *Kegg* v. *Welden*, 10 Ind. 550, the defendant demurred
to the complaint, and the demurrer remaining undisposed of
by the court, the defendant was subsequently called, and
judgment rendered against him by default. The judgment
was reversed, because it was error to render it without the
demurrer being first disposed of. It does not appear that
any exception was taken, or motion made, in reference to it
in the lower court.

In *Anderson* v. *Weaver*, 17 Ind. 223, the answer contained
eight paragraphs, to all of which replies were filed. The
reply to two of the paragraphs was demurred to. No action
of the court was had on the demurrer. There was a trial
by jury and a verdict for the plaintiff. Motion for a new
trial overruled and judgment. One of the causes urged for
a new trial was that the demurrer to the reply was pending
and undisposed of when the cause was tried. It was held
that the trial, before the demurrer was decided, was erro-
neous, and the judgment, for that reason, was reversed.

Haun *v.* Wilson.

The objection might have been taken, in the case under consideration, by motion in arrest of judgment, which lies for any matter intrinsic, appearing upon the face of the record, amounting to a defect, not amendable, or aided at common law or by statute, and for which a writ of error, at common law, would lie. Graham's Pr. 641; 2 Tidd's Pr. 918.

The code is silent on the subject of motions in arrest in civil cases; but it is a practice long existing at common law, and is not abrogated by the code.

We also think the error complained of was a good cause for a new trial, and might have been assigned as such, under the first ground specified in the code, § 352, namely: "Irregularity in the proceedings of the court," &c. 2 G. & H. 211.

In view of our present system of practice, and after a careful consideration of the question, we have arrived at the conclusion that the error complained of is not well assigned. The appellant was the demurring party, and it was his duty to present the demurrer to the court for its decision. This he did not do, but voluntarily proceeded to trial without even calling the attention of the court to the fact that the demurrer was undisposed of. Nor did he, after verdict, present the question as a cause for a new trial, or by motion in arrest of judgment. Under such circumstances he must be deemed to have waived the error, and it is too late to present it for the first time in this court, in the assignment of errors.

The judgment is affirmed, with costs.

*J. McCabe, B. F. Gregory* and *J. Harper,* for appellant.

*J. H. Brown,* for appellee.