SHIRTS *v.* IRONS.

ADJOURNED TERMS.—The statute authorizes the Court of Common Pleas to hold adjourned terms for the purpose of completing the business undisposed of, and, the contrary not appearing, it will be presumed, on appeal, that the court was regularly held and the cause regularly brought to trial.

PRACTICE.—FAILURE TO REPLY.—Where the plaintiff fails to reply to an answer constituting a valid defense to the action, the defendant is entitled to judgment without a trial, but if he fails to assert this right and goes to trial and is beaten on the merits, he cannot raise the objection for the first time in the Supreme Court.

SAME.—If the objection to the want of a reply can be taken after verdict, it would be properly taken by a motion for judgment *non obstante veredicto*, or possibly by a motion in arrest.

SAME.—If a motion for a new trial would present the question at all, it would not be presented by such a motion assigning for cause that the verdict is contrary to law, and an assignment of error in the same form.

VOLUNTARY PAYMENT.—As a general rule, money voluntarily paid for the use of another, without his knowledge or consent, cannot, in the absence of any subsequent promise of payment, be recovered back.

ALLEGATIONS OF VALUE.—Where, to a suit for work and labor, goods sold and delivered, &c., counting upon the value of the work and goods, with no allegation of any contract price, the defendant pleads only affirmative answers, the allegations of value are not admitted.

APPEAL from the *Hamilton* Common Pleas.

ELLIOTT, J.—This was an action by *Irons* against *Shirts*, the appellant, on two promissory notes, and also on an account for money paid for the use of the defendant, $300, work and labor done and performed by the plaintiff for the defendant, $300, and for goods sold and delivered, $300.

The defendant answered in several paragraphs, all setting up new matter, some of which apply alone to the notes sued on, and go to impeach, in part, the consideration thereof. One paragraph alleges payment of the account for money paid, work and labor, and goods sold and delivered, stated in the third paragraph of the complaint, and two other paragraphs of the answer allege matters of set-off. No reply to the answer appears in the record, but it contains the following entry and statement, viz: "Come now the parties by their attorneys, and the plaintiff filed a reply herein, which reply is in these words and figures, to-wit: (Reply not found on file in office of clerk.")) There was a trial by jury, and verdict for the plaintiff, upon which — a motion for a new trial having been overruled — there was judgment. The cause was tried and judgment rendered in the month of *December*, 1866, and it is claimed by the appellant that the record does not show that the trial was had at a time authorized by law for holding said court, and that the judgment, therefore, is void.

The objection is not well taken. It appears by the record that the *August* term of said court was adjourned over, by order of the court, until the third *Monday* of *November*, 1866, under the act of 1855. 2 G. & H. 29. The cause was tried during said adjourned term, which was but a continuation of the regular *August* term of that year. The statute fully authorizes the court to hold an adjourned term for the purpose of completing the business undisposed of; and, the contrary not appearing, we will presume that the court was regularly held and the cause properly brought to trial. *Hanes* v. *Worthington*, 14 Ind. 320.

One of the reasons filed for a new trial is, that "the verdict of the jury is contrary to law," on which an error is assigned thus: "The court erred in not granting a new trial, for the reason that the verdict is contrary to law." The error pointed out in argument is, that the record fails to show any replication to the defendant's answer. We have seen that it appears by an entry upon the order book of the court below, that a reply to the answer was in fact filed before the trial; but the clerk certifies, in making up the record, that it is not found among the files of the court. If it was filed, as the record asserts, and was subsequently lost, there is no foundation for the objection. But if we are to presume that no replication was filed, because it is not found in the record before us, still the question is not presented in such form as to make it available to the appellant in this court. A refusal of the plaintiff below to reply to an answer, setting up new matter constituting a valid defense to the action, entitles the defendant to a judgment, under the statute, without a trial; but if he fails to assert this right, and goes to trial and is beaten upon the merits, he cannot raise the objection for the first time in this court. *Martindale* v. *Price*, 14 Ind. 115; *Henly* v. *Kern*, 15 Ind. 391; *Davis* v. *Engler*, 18 Ind. 312; *Preston* v. *Sandford's Adm'r*, 21 Ind. 156. In the case last cited, it was held that by consenting to go to trial the defendant waived the reply,

and thereby consented to treat the answer as though denied, and go to the proof of the matters alleged.

If the objection could be made after trial, it would be properly presented by a motion for judgment *non obstante veredicto,* or possibly by a motion in arrest. But here it was not presented to the court below by the motion for a new trial, even though it might be reached in that form, nor is it properly presented to this court by an assignment of error, merely alleging that the verdict is contrary to law.

The instructions of the court to the jury are in the record. Proper exceptions were taken by the appellant, under section 325 of the code, to the ninth and sixteenth instructions.

The ninth is as follows: "If you believe, from the evidence, that since the execution of the notes the defendant paid out any money for the plaintiff, *with his knowledge and consent, or upon his request;* that he has bought notes on the plaintiff, or that he sold any goods to the plaintiff, you will allow the defendant the value of whatever he may have proven, if anything, as a set-off." The objection urged in argument is to that part of the instruction which we have italicised, which, it is said, contains the implication that the appellant could not recover, or be allowed a set-off, for money paid for the use of the plaintiff, unless it was paid with his knowledge and consent, or by his request. We think the instruction was correct. As a general rule, money voluntarily paid for the use of another, without his knowledge or consent, cannot, in the absence of any subsequent promise of payment, be recovered back. The instruction, we think, does not imply anything beyond that.

By the sixteenth instruction, the court said to the jury that "under the state of the pleadings filed by the parties, there being no general denial of the complaint, the amounts claimed by the plaintiff in his complaint are admitted to be correct, and the plaintiff is not required to prove them." This charge is clearly erroneous. Section 74 of the code expressly declares that "allegations of value, or amount of

damage, shall not be considered as true by the failure to controvert them."

In the third paragraph of the complaint, the plaintiff claimed $300 "for goods sold and delivered to the defendant," $300 "for work and labor done for the defendant at his request," and $300 "for money paid for the use of the defendant at his request," making a total of $900.

The paper filed as a bill of particulars is still more general than the complaint. It is not, in any sense of the term, "a bill of particulars." The complaint contains no averment of an agreement between the parties as to the price or value of the goods sold or work and labor performed; nor did the defendant admit their value to be the amount claimed in the complaint, by failing to plead the general denial, and the court below erred in so instructing the jury.

Several other questions are presented by the assignment of errors, but they all relate to matters contained in a bill of exceptions which was not filed within the time limited by the court, and, therefore, are not properly before us.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*A. F. Shirts*, for appellant.

*J. & W. O'Brien* and *J. Stafford*, for appellee.