## TRAIN, Executor, *v.* GRIDLEY.

PLEADING.—*Trial Without Reply to Affirmative Answer.—Judgment Non Obstante Veredicto.*—Where a paragraph of an answer alleged payment, and another paragraph contained a set-off; and upon a demurrer being overruled to each paragraph, the entry of the clerk was as follows, "to which ruling the plaintiff excepts and files his reply in these words:" entitling the cause, "The plaintiff denies each and every allegation therein contained;" signed by attorneys for the plaintiff as such; and a trial by jury resulted in a finding for the plaintiff, and the jury in answer to interrogatories stated the amount due plaintiff and the set-off allowed; and the defendant thereupon moved for a judgment *non obstante veredicto,* because there was no sufficient reply to the answers; and the court sustained the motion and rendered judgment on the set-off for the defendant, without exception by the plaintiff;

*Held,* that the paper filed did not amount to a reply, but the defendant having gone to trial without moving for a judgment on the pleadings and without objection, waived a reply, and the court should have entered judgment on the finding for the plaintiff.

SAME.—*Bill to Review Judgment.*—Where a bill was subsequently filed to review this judgment, the complaint alleging the above facts;

*Held,* on demurrer, that the complaint was insufficient, as it showed no exception to the action of the court in rendering judgment for the defendant.

| | |
|---|---|
| 36 | 241 |
| 134 | 429 |
| 36 | 241 |
| 170 | 298 |

APPEAL from the Cass Circuit Court.

BUSKIRK, J.—The facts necessary to a proper understanding of the questions of law presented by the record in this cause are these:

William J. Gridley, the appellee, on the 24th day of March, 1866, commenced, in the Pulaski Common Pleas, an action against Jesse Millison, to recover for services, counsel, and advice, rendered as an attorney at law, at the special instance of the said Millison. Millison appeared to the action and filed an answer in three paragraphs; first, the general denial; second, payment; third, a set-off, with a bill of particulars. The plaintiff demurred to the second and third paragraphs of the answer, which was overruled, and an exception taken. The record contains the following entry: "Which demurrer is overruled by the court, to which ruling of the court the plaintiff excepts, and files his reply in these words, to wit:

"William J. Gridley *v.* Jesse Millison. The plaintiff denies each and every allegation therein contained.

G. J. WICKERSHAM & A. W. REYNOLDS,
Att'ys for Plaintiff."

The cause was tried by a jury, resulting in a verdict for the plaintiff in the sum of ninety-seven dollars.

The jury also returned answers to the following interrogatories:

Question 1. "What is the value of the services rendered by Gridley for Millison, to recover which this suit is brought?" Answer. "Two hundred and twenty-six dollars.

Question 2. "Has the same been paid?" Answer. "Not in full."

Question 3. "If not paid in full, how much do you find has been paid by Millison thereupon?" Answer. "One hundred and twenty-nine dollars."

The record then contains the following entry:

"William J. Gridley *v.* Jesse Millison. Defendant moves for a judgment of one hundred and twelve dollars against plaintiff, *non obstante veredicto*, because the allegations of his answer herein are admitted by the insufficiency of the paper purporting to be a reply, and because the same fails to contradict the answer herein.

RYAN & BALDWIN, Defendant's Attys.

"Which motion the court doth now sustain, and after computation the defendant remits all of the one hundred and twelve dollars verdict moved for, except seventy-five dollars, and the court doth now adjudge that the defendant is entitled to a judgment against the plaintiff upon the pleadings herein and upon said motion, for seventy-five dollars. And the plaintiff now prays an appeal from the said judgment so rendered against him to the Supreme Court, which is granted upon his filing bond in the sum of three hundred dollars, payable to defendant, with Gerard J. Wickersham as surety, and said bond is now filed in open court and approved. And the plaintiff prays leave to amend his reply herein, which the defendant objects to, and which is, therefore, re-

.fused; to which ·plaintiff excepts.   It is, therefore, ordered and adjudged that the defendant, Jesse Millison, recover of and from the plaintiff, William J. Gridley, upon his set-off herein, the sum of seventy-five dollars and the costs in this behalf expended."

The appeal to this court was not perfected.   On the 12th day of March, 1869, the appellee filed in the Pulaski Common Pleas a bill to review the said judgment.   The complaint, after setting out the facts hereinbefore stated, and making a certified copy of the original suit a part thereof, proceeds to say:

"And the plaintiff shows to the court that there is manifest error of law appearing in the said proceedings and judgment, in this, to wit:   Upon a trial of the issues presented in said cause by a competent jury, a verdict was returned into said court for the plaintiff for the sum of ninety-seven dollars, and the court erroneously and without any sufficient reason therefor, on the motion of the defendant, notwithstanding said verdict, rendered judgment against the plaintiff as above shown, when, according to law, the court should have rendered judgment for the plaintiff against the defendant upon the said verdict; wherefore the plaintiff prays for a review of the said judgment and proceedings, and that the same be reversed back and including the motion of the defendant for judgment in his favor, notwithstanding the said verdict, and that upon such reversal, judgment be rendered on said verdict in favor of said plaintiff, and for such other and further relief as may be proper.

HUFF & REYNOLDS, Att'ys for Pl'ff."

The defendant demurred to the complaint, which was overruled, and an exception taken.   The defendant answered in two paragraphs:  1. The general denial.  2. That plaintiff had waived the alleged error complained of by failing to except to the ruling of the court in rendering judgment for the defendant *non obstante veredicto.*

The plaintiff demurred to the second paragraph of the answer, which was sustained, and the defendant excepted.

The death of Millison was suggested, and the appellant, as executor, was substituted as defendant. Upon the motion and affidavit of the defendant, the venue was changed, and, by the agreement of the parties, the cause was sent to the Cass Circuit Court.

The cause was, by the agreement of the parties, submitted to the court for trial. The court found for the plaintiff, and, over a motion for a new trial, rendered final judgment reversing the former judgment in favor of the defendant, and rendered a judgment in favor of the plaintiff upon the verdict of the jury.

The defendant moved in arrest of the judgment after it had been rendered, for the reason that the court erred in giving interest upon the verdict of the jury to the rendition of the last judgment.

Three questions are attempted to be raised. 1. Was the reply sufficient? 2. If not, was there anything to review in the absence of an exception to the decision of the court in rendering judgment for the defendant, *non obstante veredicto?* 3. Did the verdict in Gridley's favor draw interest from its rendition to the final judgment upon the bill of review? These questions will be considered in the order stated.

We are of the opinion that the paper filed did not amount to a reply. The pleader does not say that it is a reply to the answer, nor can it be determined from the paper what allegations were denied. Every pleading should be certain and complete within itself, so that its exact character can be determined without reference to any other pleading. The entry made by the clerk, in making up the record, cannot aid the vagueness and uncertainty in this paper. We cannot, by holding the paper in question a good reply, give our sanction to such a loose system of practice. The precise point was involved in the case of *Debord* v. *La Hue* 26 Ind. 212, and was decided adversely to the sufficiency of such a reply.

The appellant maintains that under section 372 of the code, 2 G. & H. 218, judgment was properly rendered for the defendant in the court below. That section reads as follows:

· "Where upon the statements, in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

The appellant also refers to *Martindale* v. *Price*, 14 Ind. 115, where it was held, that "if the plaintiff fail to reply to a paragraph of the answer which would bar a recovery, the defendant has the right to judgment on the pleadings; but, if he fail to assert that right in the court below, by a proper motion, he cannot be allowed to avail himself in the Supreme Court of the facts admitted in the pleadings."

There is no doubt that the ruling in that case was correct, but it is not decisive of the case under consideration, as it leaves open and undetermined the questions when such a motion should be made, and the effect of failing to make the motion at the right time and in the proper manner.

This court, in *Preston* v. *Sandford's Adm'r*, 21 Ind. 156, states the law as follows:

"When the defendant had put in his affirmative answers, containing matter of avoidance, he was entitled to his rule for a reply; and on failure of the plaintiff to comply with it, he might have craved judgment against him, taking his answers, as admitted to be true. He was not bound to go to trial till issue was formed; but he consented to. He waived the reply, the preliminary step to a trial, and consented to treat the answers as untrue, though not denied, and to go to the proof of them as though denied. A trial was had accordingly, and resulted adversely to the defendant. All this appears of record. Hence, upon the record as it stands, the defendant is not entitled to judgment. Such is the settled practice under the code, on appeals to the Supreme Court." To the same effect are the following: *Martindale* v. *Price*, 14 Ind. 115; *Henly* v. *Kern*, 15 Ind. 391; *Knowlton* v. *Murdock*, 17 Ind. 487; *Davis* v. *Engler*, 18 Ind. 312; *Bender* v. *The State*, 26 Ind. 285; *Garner's Adm'r* v. *Board*, 27 Ind. 323.

Train, Executor, *v.* Gridley.

In *Sutherland* v. *Venard*, 32 Ind. 483, the law is stated thus :

"It is claimed by the appellants that the trial was had without any reply being filed to the second and third paragraphs of the answer, and, they insist on a reversal for that reason. No such question was presented to the lower court, either before or after verdict, and it is too late to present it for the first time in this court. Indeed, it is a settled rule of practice in this State, that where the defendant takes no steps before trial, to compel a reply to an answer, and does not ask for a judgment for want of a reply, but voluntarily goes to trial, he thereby waives the reply, and is regarded as consenting to go to the proof of the answer as if denied. *Preston* v. *Sandford's Adm'r*, 21 Ind. 156; *Shirts* v. *Irons*, 28 Ind. 458; *Ringle* v. *Bicknell*, ante, p. 369."

We are of the opinion that the defendant, by going to trial without a reply, waived any objection thereto, and that, consequently, he was not entitled to a judgment on his answer, and that the court should have rendered a judgment for the plaintiff on the verdict.

The next question presented for our decision is, whether the court erred in overruling the demurrer to the complaint.

There is but one objection urged to the sufficiency of the complaint, and that is, that the plaintiff failed to except to the decision of the court in rendering judgment for the defendant, *non obstante veredicto*. This presents for our decision the question, whether a review can be had of a judgment in the court that rendered it, for error of law appearing upon the judgment, when no exception was taken to the ruling complained of. Sections 586 and 587 of the code (2 G. & H. 279, 280) read as follows :

"Sec. 586. Any person who is a party to any judgment, or the heirs, devisees, or personal representatives of a deceased party, may file in the court where such judgment is rendered, a complaint for a review of the proceedings and judgment, at any time within three years next after the rendition thereof. Any person under legal disabilities may

Train, Executor, *v.* Gridley.

file such complaint at any time within three years after the disability is removed. But no complaint shall be filed for a review of a judgment of divorce."

" Sec. 587. The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof, · or for both causes, without leave of court."

It was held by this court, in *Preston* v. *Sandford's Adm'r*, 21, Ind. 156, that there could be no review of a judgment, by the court that rendered it, for error of law appearing in the proceedings and judgment, unless an exception had been taken to the decision in the original cause, where the defendant had appeared to the action, and was, therefore, presumed to be personally present in court, and charged with notice of all the proceedings in the cause. The court say :

" We think we may safely lay down the proposition, that no court of review will reverse a judgment, in a valid cause, for an error in the proceedings which was waived by the party against whom the error was committed. Such a party is estopped to assert the error. As to him, indeed, it is not error. His waiver takes away, as to him, the quality of error in the proceeding. It is the province of courts of error and review to relieve a party injured from the consequencesof erroneous rulings of the *nisi prius* courts, made against the party's consent, and over his objection.

" But how must this waiver by the party to a ruling below appear ? It need not be entered formally upon the record. It appears by the absence of any objection and exception. Where a party is in court, it is held, that ' every failure to assert a legal right, at the proper time (during the progress of the cause), is a waiver of that right.' *Zehner* v. *Beard*, 8 Ind. 96. 'In *The Commonwealth* v. *Sowell*, 9 Met. 572, the court say, in reference to an erroneous ruling on the trial below, that, as-the defendant had an opportunity, but failed to avail himself of it on the trial, of making his objections, his acquiescence was a waiver, and estopped him to raise it

afterward.'" In support of such proposition a reference is made to a large number of decisions.

Again it is said: "And if a party is not allowed to claim as errors, on appeal, any irregularity in the proceedings which he consented to, how can he be allowed such a claim in a suit for review, for those irregularities, which, as to him, are not errors? See *Indiana Mutual Insurance Company* v. *Routledge*, 7 Ind. 28; also, *Foot* v. *Lefavour*, 6 Ind. 473."

The following definition is given of an exception, by this court, in *Farnsworth* v. *Coquillard's Adm'r*, 22 Ind. 453, namely:

"An exception is an objection taken to a decision of the court upon matter of law (2 G. & H. 208), and the objection is taken by way of exception, and is shown to the appellate court by being entered in certain cases upon the record, and in others by bill of exceptions incorporated in the record."

"A bill of review," says Justice STORY, "is in the nature of a writ of error, and its object is to procure an examination and alteration or reversal of a decree made upon a former bill."

The principle stated by Judge STORY has been recognized by this court in several well considered cases. *Ins. Co.* v. *Routledge*, 7 Ind. 25; *Coen* v. *Funk*, 26 Ind. 289; *McDade* v. *McDade*, 29 Ind. 340.

It seems to be settled by authority and on principle, that a judgment cannot be reviewed for error of law appearing in the proceedings and judgment, unless there was an objection and exception to the ruling of the court, which is sought to be reviewed, where the question would be waived where there was no exception. But this rule would apply where there was no waiver.

The appellant moved in arrest of judgment, for the reason that the court allowed interest on the verdict of the jury to the rendition of the judgment for the appellee in the proceeding to review. The appellant insists that the statute does not authorize interest upon a verdict, and in support of

this position reference is made to *Blickenstaff* v. *Perrin*, 27 Ind. 530.

The question sought to be raised does not arise upon the record.   It was very properly held, by this court, in *Groves* v. *Ruby*, 24 Ind. 418, that the objection to the allowance of interest on the verdict could not be raised by a motion for a new trial, or in arrest of judgment.

It is a well settled rule of practice in this court, that the form or substance of a judgment will not be reviewed here unless the attention of the lower court was in some form called to the defect complained of.   This may be done when the judgment of the court is announced, by pointing out the objection ; and if the objection is overruled, the party may except ; or it may be done after the judgment is entered in the order book, by a motion to correct, modify, or vacate the judgment, which, if overruled, may be excepted to. *Jemison* v. *Walsh*, 30 Ind. 167 ; *Smith* v. *Dodds*, 35 Ind. 452.

We are of the opinion that the court erred in overruling the demurrer to the complaint and in refusing a new trial.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to grant a new trial, and to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*D. P. Baldwin*, for appellant.