FRELIGH, Respondent, v. AMES *et al.*, Appellants.

1. An affidavit for continuance which states that a witness was "late of this state and now out of the state and will in all probability be back," is insufficient upon which to warrant a continuance of the cause.

2. It is no defence to an action on a note against a security that the security requested the payee to sue the principal and he refused. Under the statute, (R. C. 1855, p. 1454, § 1) notice must be given in writing.

3. An endorser of a negotiable note is not a security within the contemplation of the statute relating to securities.

4. It is within the discretion of the court below to limit the time of counsel in which to address the jury, and this court will not interfere.

*Appeal from St. Louis Circuit Court.*

This was an action on a negotiable promissory note executed in March, 1857, by Ames to Hofelman's order, payable eight months after date. The note was endorsed by Hofelman and L. Lawrence, and when due, was presented at the place made payable, and not being paid, was duly protested and the endorsers duly notified of the nonpayment so as to be bound and liable. Ames and Hofelman answer separately, both plead usury, payment of the note by other notes, and deny ownership of plaintiff, charging the assignment to be in bad faith for the purpose of avoiding equities between the true owner, maker and endorser, and that the note really belongs to Lawrence, the defendant, and that the note was made by Ames and for his accommodation endorsed by Hofelman to enable him to pledge it with Lawrence for the amount due him by Ames. Hofelman, in his answer, further avers, that he gave notice to the holder Lawrence about January, 1858, to attach the property of Ames, as he was about to leave the state, and that he (Hofelman) would consider himself discharged unless Lawrence would attach Ames' property, to satisfy the note. When the cause was called for trial in May, 1858, Hofelman made affidavit for continuance, based on the absence of a witness, Anton Ronger, " late of the city of St. Louis;" " that said witness is now out of the state, and will in all probability be back to

this city," &c., &c. The court refused a continuance. The cause was tried a day or two afterwards, and the witness Ronger being called again and not answering, the motion for continuance was renewed and overruled. Plaintiff produced the note and proved due protest and notice, and rested. The defendants proved that the plaintiff knew nothing about this particular note ; that note was given to the son of plaintiff by Lawrence, the proceeds to go to Lawrence's credit, if paid, in an account between him and plaintiff. It was also proved by defendants that plaintiff's son with Lawrence conducted plaintiff's business generally, and that her son acted for her as her agent. Defendants offered to prove that after maturity of the note defendant Hofelman gave plaintiff notice that Ames, the maker, was about to leave the state, and that Hofelman required plaintiff to attach Ames' goods, offered to point out property, offered to pay the debt, if not so made, and that he would consider himself discharged unless he would proceed against Ames' property, and that Ames became insolvent afterwards ; all of which was excluded by the court.

The court below limited the time of counsel to address the jury to twenty minutes each.

*Spies & Burt*, for appellants.

*Isaac T. Wise*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The court in its discretion properly refused a continuance on the affidavit filed. The witness was late of this state, was in another state, and there was a " probability" that he would return.

As none of the defences set up in the answer were proved, it was a matter of indifference whether the note was endorsed to the plaintiff for value or not. If the note had been given to her, she might have sustained this action.

It is no defence to an action on a note against a security that the security requested the payee to sue the principal

and he refused. Under the statute there should have been notice in writing. Moreover, this court has held that an endorser of a note negotiable is not a surety within the contemplation of the act concerning securities.

There was nothing about which to make an argument to the jury, and the court very properly limited the time to counsel for addressing them. This is matter in the discretion of the court and will not be controlled here.

Judgment affirmed with ten per cent. damages. The other judges concur.