Miller *v*. Hays.

———◦◦◦———

MILLER *v*. HAYS.

WAIVER.—Where a cause is transferred from the Court of Common

Pleas to the Circuit Court for an alleged want of jurisdiction in the former Court, and errors are alleged to have intervened in the mode of transferring said cause which render the transfer ineffective, and such errors are not properly presented to the consideration of the latter Court, they will be deemed to have been waived.

APPEAL from the *Dearborn* Circuit Court.

HANNA, J.—Suit on an account for money lent, for use of land, &c.

Answer, among other things, in denial, and that the land described in the complaint was, on, &c., purchased by defendant of the plaintiff by a contract in parol, with which the defendant complied, and possession was delivered to and is still held by him, but that the plaintiff refused to comply; prayer, that he be compelled to specially perform, &c.

After the filing of this answer, which was sworn to, the record states that "the title to real estate being in issue, it is ordered by the Court, that the proceedings in this cause and the papers therein be certified, &c., to the Circuit Court."

In the Circuit Court a reply was filed in denial, &c. Trial, verdict and judgment for the plaintiff, over a motion for a new trial.

The only point here made by the appellant is, that the Circuit Court had no jurisdiction, that is, that the proper proceedings and orders do not appear of record as having been made by the Common Pleas to divest that Court of jurisdiction, in this, that the cause was not transferred; and that a case was not made, in that Court, that would have authorized a transfer of said cause to the Circuit Court upon properly shaped orders.

It appears to us this objection comes to late. It was not made in the Common Pleas nor Circuit Court. The latter Court had jurisdiction of the subject matter in controversy. If there was any doubt as to whether the matter had been brought before the Court in a legitimate mode, we suppose

such mere irregularity in form of proceeding could be, and we think the facts show that in this instance it was, waived. It would not do to say that a party might, by appearing to an action irregularly instituted in a Court of competent jurisdiction, take his chance of gaining the same by a trial, and if he failed there, fall back upon motions, in effect in abatement, of which he might have availed himself in the beginning.

*Per Curiam.*—The judgment is affirmed, with costs and 3 per cent. damages.

*Thos. A. Hendricks* and *J. D. Haynes*, for the appellant.

*D. S. Major*, for the appellee.