## MUSSELMAN *v.* PIERCE ET AL.

PRACTICE.—*Change of Venue.*—*Second Application.*—After one change of venue has been taken on affidavit against the county and the judge, another change cannot be taken by the same party.

Musselman *v.* Pierce *et al.*

APPEAL from the Pulaski Circuit Court.

PETTIT, C. J.—The facts in the case are these: The appellant obtained judgment before a justice of the peace, in Cass county, for twenty-six dollars and fifty cents, in 1870. The appellant moved for a new trial, which was granted. The jury failed to agree. After a third trial, there was judgment for the defendants. Appellant appealed to the Cass Circuit Court, and there filed his affidavit for a change of venue, and the case was sent to Pulaski county. There the appellant filed his affidavit for a change from the judge, as follows:

"The plaintiff in the above-entitled cause, upon his oath, says that he cannot have a fair and impartial trial of said cause before the Hon. Thos. S. Stanfield, for the reason of the bias and prejudice of the judge before whom said cause is pending; plaintiff therefore respectfully prays that the venue of said cause be changed, and that another competent judge be called to try said cause."

This application was refused, and exception taken. The appellant refused further to prosecute his suit, and the court dismissed the case. Two errors are assigned; first, the refusal to change the venue; second, the dismissal of the case.

Sec. 208, 2 G. & H. 155, says, "only one change of venue shall be granted to the same party." As one change had been granted and taken by the appellant on his affidavit, both against the county and the judge, as we learn from the record, another change could not be taken, under the statute above cited, by him.

The second error assigned is the dismissal of the case. The appellant having refused to further prosecute the case, the court could do nothing less than to dismiss it; but there was no exception taken to the dismissal, and we cannot say that this action of the court was erroneous.

The judgment is affirmed, at the costs of the appellant.

*D. C. Justice,* for appellant.

*N. O. Ross* and *R. Magee,* for appellees.