## CROMWELL *v.* BATY.

SUPREME COURT.—*Waiver of Objection.*—In a cause appealed from a justice of the peace, if the parties appeared in the court to which the appeal was

Cromwell *v.* Baty.

taken and went to trial without objection, an objection that no transcript of the proceedings before the justice was filed in the court below cannot for the first time be made in the Supreme Court.

From the Jefferson Common Pleas.

*H. W. Harrington* and *C. A. Korbly,* for appellant.

OSBORN, J.—This was an action instituted by the appellee against the appellant, to recover the balance due for building a new house and repairing an old one, and for work and labor.

An answer was filed, consisting of three paragraphs. The complaint and answer purported to have been filed before a justice of the peace. The clerk recites that a transcript was filed on a day named, and that the complaint and answer set out in the record were filed with the transcript. No transcript appears in the record, and the clerk states that it has been misplaced. We presume the case was appealed by one of the parties. They both appeared in the common pleas, where the issues were tried by a jury, who rendered a verdict for the appellee for two hundred dollars, and over a motion for a new trial, judgment was rendered on the verdict.

The errors assigned are, 1st. In overruling the motion for a new trial; and, 2d. The court has no jurisdiction of the cause, because there was no transcript from the justice of the peace.

There is no bill of exceptions in the record, showing any error in overruling the motion for a new trial. The appellant made no motion to dismiss the appeal for want of a transcript, but appeared to the action in the common pleas court, and went to trial on the pleadings. It is too late to raise the question of the want of a transcript of the proceedings before the justice of the peace for the first time in this court.

The court had jurisdiction of the parties as well as of the subject-matter of the cause of action.

The judgment of the said Jefferson Common Pleas is affirmed, with costs.