## MUSSELMAN *v.* PRATT.

PRACTICE.—*Change of Venue.—Second Application.*—After one change of venue has been taken on affidavit against the county and the judge, another change cannot be taken by the same party.

SAME.—*Instructions.*—It is not error to refuse instructions which, although correct as abstract propositions of law, are not applicable to the facts in evidence before the jury.

SAME.—*Appeal.*—When the verdict below is clearly in accordance with the evidence, there can be no error in giving or refusing instructions. It is only where, from the whole case, a jury might have rendered a different verdict, that the giving of improper, or the refusal of proper, instructions will be held erroneous.

SAME.—*Limitation of Argument.*—The court limited the argument in a slander case to one hour and a half on the part of the plaintiff, and one hour on the part of the defendant.

*Held,* on an appeal by the plaintiff, that this was no abuse of the discretion of the court.

SAME.—*Separation of Jury.—Failure to Object.*—During the progress of the trial, the court adjourned and suffered the jury to separate without giving them the statutory charge touching their duty during the adjournment. The plaintiff was personally present, acting as his own counsel, and made no objection to the action of the court, and failed to call its attention to the omission until the next meeting of the court, when he excepted to what had been done.

*Held,* that his failure to object and to ask that the jury might be properly instructed at the time of their separation, was an acquiescence in the action of the court and a waiver of the irregularity.

From the Pulaski Circuit Court.

*D. C. Justice,* for appellant.

*D. D. Pratt,* for appellee.

OSBORN, J.—This was an action by the appellant against the appellee for libel and slander. The complaint was in three paragraphs. The first and second were for alleged slanderous words uttered by the defendant whilst defending a client in a court of justice, and whilst addressing a jury as an attorney at law, to the injury of the plaintiff in his professional business as an attorney and counseller at law. The third was for an alleged libel in a letter written by the defendant to the superintendent of the Insane Hospital, in answer to one written to him by the superintendent, touching the insanity of the plaintiff, who was then an inmate of the hospital under an order of the proper officers of Cass county, the residence and domicile of both parties.

The action was commenced in the Cass Circuit Court, where issues of fact were formed; after which the venue was changed to the Pulaski Circuit Court, on the motion of the plaintiff based upon his own affidavit against the people of the county of Cass and Horace P. Biddle, the judge of the court. The Hon. Thomas S. Stanfield was judge of the Pulaski Circuit Court and presided at the trial of the action.

The record of the proceedings of the last named court does not show that any motion was made or affidavit filed for a change of venue on account of an objection to the judge. That appears in the final bill of exceptions.

The motion for a new trial is quite lengthy and includes nearly, if not quite, all the causes authorized by the statute, and enumerates nearly all the errors that a court could commit during the trial of such an action. They are stated with great particularity. We consider it unnecessary, however, to set them out in this opinion.

The errors assigned are, 1st. Overruling the motion of the appellant for a change from the judge of the Pulaski Circuit Court. 2. Overruling the motion for a new trial.

The brief of counsel for the appellant is almost entirely devoted to the first alleged error. It is insisted that the second change should have been granted; that the statute prohibiting more than one change to the same party applies

when the change is asked on account of the objection to the people, and not when it is to the judge; that there is no limit to the number of changes on account of the objection to the judge. It is not necessary to decide whether the question is properly in the record, on account of the motion not appearing in the record of the proceedings of the court and only in the general bill of exceptions, as the precise question argued by counsel for the appellant was decided adversely to him in *Musselman* v. *Pierce*, 40 Ind. 120.

The record is very voluminous, the evidence set out in the bill of exceptions alone filling nearly three hundred pages. The instructions asked by the appellant, and refused by the court, consisted of abstract propositions of law, not applicable to the facts in evidence before the jury. If they had been, the learned judge who presided at the trial undoubtedly would have given them as asked. To set out the evidence in detail, or review it in this opinion, would occupy more space than is necessary or justifiable. It did not sustain either paragraph of the complaint. If the jury had rendered a verdict for the plaintiff, the defendant would have been entitled to a new trial. Considering all the evidence before the jury, we do not see how they could have rendered any other verdict. Such being the case, there can be no error in giving or refusing instructions. It is only when from the whole case a jury might have rendered a different verdict, that giving improper, or refusing proper, instructions will be erroneous.

. The court limited counsel in the time to be occupied in their argument to the jury. The plaintiff was allowed one hour and a half and the defendant one hour. We cannot say that it was an abuse of discretion.

The bill of exceptions states that during the trial the court adjourned and suffered the jury to separate without instructing them touching their duty. It also shows that the plaintiff was personally present, acting as his own counsel in the management of the case, and made no objection to the action of the court, and did not call attention to the

omission until the next meeting of the court, when he excepted to what had been done. His failure to object and to ask that the jury might be properly instructed at the time of their separation was an acquiescence in the action of the court and a waiver of the irregularity. From our knowledge of the practice, we presume the separation complained of was not the first one during the trial, and that proper instructions had been given to the jury on a prior separation.

The judgment is affirmed, with costs.