## REID ET AL. *v.* HAWKINS.

CIRCUIT COURT.—*Statute Fixing Time of Holding Court.*—By section 9 of the act approved March 6th, 1873, the counties of Decatur, Rush, and Fayette were constituted the Eighth Judicial Circuit. Section 47 fixed the times of holding the circuit court in Decatur county on the first Monday of February, to continue four weeks; in Rush county on the Monday succeeding the court in the county of Decatur, to continue four weeks; and in the county of Fayette on the Monday succeeding the court in the county of Rush. The times for holding the courts in Decatur and Rush counties had passed when the act took effect, but it was in force at the time fixed for holding the court in Fayette, and it was so held. This was right. The term was not invalidated by the circumstance that the act was not in force in season for holding courts at the time prescribed in Decatur and Rush.

EVIDENCE.—*Failure to Except.*—An objection to the admissibility of evidence cannot be made for the first time in the Supreme Court. If admitted on the trial in the court below without objection, it must be held to have been admitted by the consent of the party affected by it.

From the Fayette Circuit Court.

*J. S. Reid, W. Morrow,* and *N. Trusler,* for appellants.

*J. C. McIntosh,* for appellee.

BUSKIRK, J.—This was an action by the appellee, upon a note executed by John S. Reid and John Caldwell. The complaint alleged the death of John Caldwell and the appointment of William and James Caldwell as his administrators. The action was commenced against Reid and the administrators of John Caldwell, but James Caldwell did not answer, nor was he defaulted.

There was issue, trial by the court, and finding for the appellee, and, over motion for a new trial, judgment on the finding.

The appellants have assigned for error the sustaining of the demurrer to the first paragraph of the answer and overruling the motion for a new trial.

The answer was as follows: "Now comes the defendant John S. Reid, and for answer in his own behalf and that of William Caldwell, one of the administrators of John Caldwell, says that the said court, at the present term thereof, has no jurisdiction of the aforesaid complaint and cause of action. Because he says that the regular March term of said court, according to the act of the General Assembly of the State of Indiana, approved 22d day of April, 1869 (p. 45), should have been held on the third Monday of March, 1873, in said county, and not on the fifth Monday of said month, as is now held; and avers that at the last session of the General Assembly of the State of Indiana, by an act approved the 6th day of March, 1873, the said legislature so changed and altered the number of the circuit, of which your Honor was elected in and to the same, being the Fourth Judicial Circuit, to that of the Eighth Judicial Circuit, and changed the time of holding the courts in said circuit. Viz., in the county of Fayette from the second Mondays in March and September to the first Mondays succeeding the holding of the circuit court in the county of Rush, and that by said act, the commencement of the circuit courts in said new circuit was to begin on the first Monday of February, in the county of Decatur, which county was to hold four weeks, if necessary, and afterward in the county of Rush, on the Monday succeeding the courts in the county of Decatur, which was to hold four weeks in Rush, if necessary, then on the first Monday in the county of Fayette succeeding the holding of the courts in the said county of Rush; and the defendant avers that no such court has been held under said act, either in the county of Decatur, or time sufficient after the approval of said act to have held court in said county under said law,

or in Rush, and that the holding of the present term of the Fayette Circuit Court is wholly illegal and void, and that neither the court nor judge thereof has jurisdiction of the person of the defendants or the cause of action alleged in said complaint at the present time; wherefore they pray judgment for costs, etc., and abatement of said action."

The counties of Decatur, Rush, and Fayette constitute the eighth judicial circuit. See sec. 9, Acts 1873, page 87.

The times of holding court in said circuit are fixed by the forty-seventh section of the act of March 6th, 1873, as follows:

" Sec. 47. The terms of said court in the eighth circuit shall be held in the county of Decatur on the first Monday in February, the fourth Monday in April, the first Monday in September, and the third Monday in November of each year; in the county of Rush on the Mondays succeeding the courts in the county of Decatur; and in the county of Fayette on the Mondays succeeding the courts in the county of Rush. The courts in the county of Decatur shall continue four weeks, in the county of Rush four weeks, and in the county of Fayette three weeks at each term, if the business thereof requires it." See Acts 1873, p. 90.

The act of March 6th, 1873, abolished the common pleas courts, and repealed, by implication, all existing laws prescribing the times of holding circuit courts, except the provision made in the eighty-third section for such courts as might be in session at the taking effect of said act. Such act took effect on the 6th day of March, 1873. When the act took effect, the terms of court in Decatur and Rush counties had passed. That is, the entire time in Decatur county had expired and the time fixed for commencing the term in Rush county had passed, and consequently no court was held in either of said counties. The court was held in Fayette county on the fifth Monday in March, 1873, the time prescribed by said act.

The position assumed by counsel for appellants is, that such term was illegally held, because the terms in Decatur and Rush counties had not been held. If the strict and

literal construction contended for be correct, then no legal circuit court was held in the State for the year 1873, after the taking effect of said act. We do not think the construction insisted upon is correct. It is not reasonable. It does not give effect to, but defeats, the plain purpose of the legislature. The section, in legal effect, provided that the court should be held for the year 1873 in Fayette county on the fifth Monday in March. It was held at that time. It was well known to the legislature that the terms as fixed in said act for holding the February and March courts in Decatur and Rush counties, could not be held. The legislature did not contemplate the *hiatus* which would result from the construction contended for. The legality of the term of court in Fayette county, which was held at the time fixed in said act, can not be affected by the fact that the terms of court as fixed by said act were not held in Decatur and Rush counties. The question involved here was, in principle, decided by this court in *Phillips* v. *Stewart,* 17 Ind. 154. There an act took effect in October, 1860, providing for the times of holding the Tippecanoe Common Pleas Court. The court say:

" As this act did not take effect until October, 1860, it is claimed that no court could be held in December of that year, inasmuch as the statute names the times in the order of 'March,' 'June' and 'December.' We are not inclined to adopt the construction contended for. It seems to us that the law authorized a term to be held in December following the time when the act took effect, although that term was the last named in the section fixing the terms of the court. We see no sufficient reason for supposing that the legislature intended a *hiatus* in the terms, from the time that act took effect until the next March. The term of the court was, as we think, authorized by the statute."

There is, in our opinion no room to doubt that the Fayette Circuit Court was legally held on the fifth Monday in March, 1873.

Vol. XLVI.—15

It is also claimed that the court erred in overruling the motion for a new trial.

The only error complained of is, that the court permitted the note sued on to be read in evidence without proof of its execution by John Caldwell. It is a sufficient answer to this objection to say, that the note was read in evidence without objection or exception. The appellants cannot be heard to complain in this court of a ruling of the court below, which was made without objection or exception on their part. It may be that the court below would have sustained the objection which is urged to the competency of such note in evidence, if the attention of the court had been called to it. The note, having been read in evidence without objection, is presumed to have been read with the assent of appellants, and they can not complain of that to which they assented.

The judgment is affirmed, with costs and five per cent. damages.