THE STATE *v.* WALTERS.

CRIMINAL LAW.—*Injuring Toll-Gate.—Affidavit.— Malice.—Mischief.*— In a prosecution, under section 66 of the act defining misdemeanors, 2 R. S. 1876, p. 479, for injuring a toll-gate, the affidavit, information or indictment need not allege either a malicious purpose or mischievous intent on the part of the defendant.

SAME.—*Mayor of City.—Authentication of Transcript.—Seal.—Justice of Peace.*—When a criminal prosecution is instituted before the mayor of a city of this State, he acts in the capacity of a justice of the peace only ; and a certified transcript of such cause, on either a change of venue from him or an appeal to the circuit court, need not bear the corporate seal of the city.

SAME.—*Supreme Court.—Transcript Filed too Late.—Appearance.— Waiver.*—The transcript on an appeal to the Supreme Court having been filed more than thirty days after the appeal was taken, the appellee moved for a dismissal of the cause on that ground, but, without awaiting a decision of his motion, joined issue on the assignment of errors and submitted the cause.

*Held,* that his motion and right to a dismissal were waived.

From the Montgomery Circuit Court.

*T. W. Woollen,* Attorney General, *D. A. Roach,* Prosecuting Attorney, *L. B. Willson* and *E. C. Snyder,* for the State.

*G. W. Paul* and *J. E. Humphries,* for appellee.

BIDDLE, J.—Prosecution commenced against the appellee, before the mayor of the city of Crawfordsville, on the following affidavit :

" Lydia Hamilton, being first duly sworn, upon her oath says, that, on the 11th day of March, 1878, in the county of Montgomery and State of Indiana, one Richard Walters, then and there being, did then and there unlawfully injure a toll-gate, by then and there cutting a rope attached to and forming a part of said gate ; said toll-gate being then and there the property of the Crawfordsville and Yountsville Turnpike Company, to the damages of said gate and company twenty-five cents.     LYDIA HAMILTON."

" Sworn to," etc.

The State *v.* Walters.

This prosecution is founded on section 66, 2 R. S. 1876, p. 479, which is in the following words:

"Sec. 66. Every person who shall in any manner obstruct any highway, railroad, tow-path, canal, turnpike, plank or coal road, or injure any toll or other bridge, or toll-gate, culvert, embankment, or lock, or make any breach in any canal, or injure any material used in the construction of such roads and canal, such person, and all other persons aiding and abetting therein, shall be fined not exceeding five hundred dollars, or imprisoned not exceeding three months; and upon prosecution for obstructing a highway, it shall be sufficient to prove that it is used and worked as such."

Under this section, no malicious purpose or mischievous intent is necessary to constitute the offence.

We think the affidavit is sufficient, and that the court erred in dismissing the case.

The judgment is reversed; cause remanded for further proceedings, according to this opinion.

### PETITION FOR A REHEARING.

BIDDLE, J.—The appellee makes two points in his petition for a rehearing, which were not considered in the original opinion.

1. A change of venue was taken from the mayor of Crawfordsville to a justice of the peace. Before the justice the appellee moved to dismiss the case "because the transcript from mayor Ramsey, and the certificate thereto, did not have the corporate seal of the city of Crawfordsville on said certificate or transcript." The motion was overruled by the justice. Upon appeal to the circuit court the appellee therein renewed his motion to dismiss upon the same ground. The circuit court sustained the motion, and dismissed the cause. This ruling is erroneous. The mayor had no jurisdiction of the case as the mayor of the

city of Crawfordsville; but, by virtue of being mayor, he had, "within the limits of said city, the jurisdiction and powers of a justice of the peace, in all matters civil and criminal, arising under the laws of this State, and for crimes and misdemeanors, his jurisdiction shall be coextensive with the county in which such city is situated;" and "The same rules of pleading and practice shall be observed in the city judge or mayor's court that are in [a] justice's court." Sec. 17, 1 R. S. 1876, p. 272. While the mayor was acting as a justice of the peace, it was not necessary that he should authenticate his proceedings by "the corporate seal of the city of Crawfordsville." His transcript was authenticated in the usual form by which justices of the peace are authorized to authenticate transcripts. This was sufficient. The corporate seal is necessary to be affixed only to instruments of writing needing authentication. Sec. 49, 1 R. S. 1876, p. 287.

2. The appellant insists that the appeal ought to be dismissed because the transcript was not filed in this court within thirty days after the appeal was taken, as required by statute. The appeal was taken below on the 26th day of September, 1878; the transcript was filed in this court on the 20th day of November, 1878; the appellee, on the 17th day of December, 1878, moved in this court to dismiss the appeal, because the transcript was not filed in time; on the 20th day of December, 1878, he appeared to the case, and answered the assignment of error in this court, before his motion to dismiss was decided, and the case was submitted. By thus appearing to the appeal, joining in error and submitting the case, he waived his motion to dismiss the appeal. We can not consider it now. For the well settled doctrine of waiver in legal practice, see the following cases: *Miller* v. *Hays*, 20 Ind. 451; *Bradley* v. *The Bank of the State of Indiana*, 20 Ind. 528; *McDougle* v. *Gates*, 21 Ind. 65; *Preston* v. *Sandford's Adm'r*, 21 Ind. 156;

*Cromwell* v. *Baty*, 43 Ind. 357; *Rich* v. *Starbuck*, 45 Ind. 310; *Davis* v. *Brinker*, 50 Ind. 25; *Marsh* v. *Elliott*, 51 Ind. 547; *Collins* v. *Rose*, 59 Ind. 33; *The Louisville, etc., R. W. Co.* v. *Nicholson*, 60 Ind. 158; *The Peoples Savings Bank, etc.,* v. *Finney*, 63 Ind. 460.

In the case of *Winsett* v. *The State*, 54 Ind. 437, there was no appearance and joinder in error in this court, after the motion to dismiss was made; the ruling, therefore, does not support the views of the appellee in this case.

The petition for a rehearing is overruled.