## JAY *v.* THE STATE.

CRIMINAL LAW.—*Injury to Toll-Gate.*—*Indictment.*—In a prosecution for injuring a toll-gate, founded upon section 66, 2 R. S. 1876, p. 479, the indictment, after stating the time and place, charged that the defendant did, etc., unlawfully injure a certain toll-gate " erected on the Jonesboro and Kokomo division of the Marion and Liberty Gravel Road Company, by then and there breaking down and pulling around a portion of said gate, thereby injuring said gate in the sum of one dollar, and that said gate was then and there the property of the Marion and Liberty Gravel Road Company, and the injury was to the damage of said   *   *   *   Company in the sum of one dollar."

*Held,* that the charge of the offence is sufficiently made.

From the Grant Circuit Court.

*A. C. Davis, J. F. McDowell* and *G. L. McDowell,* for appellant.

*T. W. Woollen,* Attorney General, and *A. F. Ayres,* for the State.

BIDDLE, J.—Prosecution against the appellant for injuring a toll-gate. Conviction ; appeal.

The appellant moved to quash the indictment ; the court overruled his motion, but no exception was reserved to the decision ; upon this ruling, therefore, the record presents no question. But the appellant has assigned, as error, the insufficiency of the indictment to support the judgment. This assignment properly raises the question as to the sufficiency of the indictment.

The prosecution is founded on section 66, 2 R. S. 1876, p. 479. The offence is charged against the appellant in the following words :

" That at the county of Grant and State of Indiana, on the 11th day of June, 1878, one Elisha B. Jay, late of Grant county, did then and there unlawfully injure a certain toll-gate erected on the Jonesboro and Kokomo division of the Marion and Liberty Gravel Road Company, by then and there breaking down and pulling around a portion of said gate, thereby injuring said gate in the sum of

one dollar, and that said gate was then and there the property of the Marion and Liberty Gravel Road Company, and the injury was to the damage of said Marion and Liberty Gravel Road Company in the sum of one dollar. Contrary," etc.

The argument made against the indictment is, that by the averment, " the toll-gate was erected on the 'Company,' and not on the gravel road, the Marion and Liberty Gravel Road Company being composed of individuals, it was absolutely impossible that the toll-gate could have been erected on the division of the individuals composing the company or corporation."

This argument appears to us to be more literal than practical. We think that with the subsequent averments, "that said gate was then and there the property of the Marion and Liberty Gravel Road Company, and the injury was to the damage of said Marion and Liberty Gravel Road Company in the sum of one dollar," the charge of the offence is sufficiently made. The case of *The State* v. *Walters*, 64 Ind. 226, is in point. As the section upon which this prosecution is founded is set out in the opinion cited, we do not repeat it here.

The judgment is right, and is therefore affirmed, at the costs of the appellant.