ANDRE v. FRYBARGER.

PRACTICE.— *Withdrawal of Substituted, and Trial on Original, Complaint.— Waiver.*—After the overruling of a demurrer to an answer, a substituted complaint was filed, which, on the filing of a demurrer thereto, was withdrawn, a reply filed, a trial had, a judgment rendered against the defendant, and a new trial granted him, without objection.

*Held*, on a subsequent motion to strike the cause from the docket, for want of a complaint, that the defect, if any, was waived by going into trial on the original complaint.

From the Fayette Circuit Court.

*L. W. Florca, G. C. Florea, W. C. Forrey* and *G. B. Sleeth,* for appellant.

*B. F. Claypool* and *J. H. Claypool,* for appellee.

BIDDLE, C. J.—The appellee, on the 18th day of March, 1876, filed his complaint against the appellant, charging him with having committed a trespass upon the body of the appellee by striking, beating, caning him, etc. A demurrer was overruled to the complaint, and the defendant answered over. Demurrer to the second paragraph of answer. At this stage of the proceeding, the appellee filed a substituted complaint. The appellant demurred to the substituted complaint; whereupon it was withdrawn by the appellee. The appellee then filed his reply to the answer of the appellant to the original complaint, and put the cause at issue. The venue was then changed, on the application of the appellant, to the Union Circuit Court. At the next term of the Union Circuit Court, the appellant applied for and obtained a continuance of the cause. At a subsequent term, a trial was had, resulting in a verdict in favor of the appellee for $1,625. On motion, the appellant obtained a new trial; whereupon the cause, by agreement of both parties, was remanded to the Fayette Circuit Court for trial. On the 30th day of October, 1877, the appellant moved to strike the cause from the docket, because there was no complaint on file. This motion was overruled and

Andre *v.* Fryburger.

exception reserved, but no fact was shown to the court, on said motion, which did not appear on the record as recited above. The parties then went to trial again upon the issues as made up on the original complaint. Verdict and judgment in favor of the appellee for $500. Appeal.

In this court, the appellant raises four questions. The second and third he has not discussed; they are therefore waived.

1. He insists that the court erred in overruling his motion to strike the cause from the docket for want of a complaint.

His argument is, that, when the appellee filed a substituted complaint, the original complaint ceased to be a part of the record; and that, when the substituted complaint was afterwards withdrawn, there was no complaint left in the record.

If these facts constitute an error, the appellant should have taken advantage of it at the time it occurred. Not having done so, it is waived. After the appellee had withdrawn his substituted complaint, the appellant accepted issue on the original complaint, went to trial, suffered a verdict against him, obtained a new trial on his own motion, and agreed to remand the case to the Fayette Circuit Court for trial. By this course of proceeding, the original complaint was as effectually reinstated in the record as if it had been done so by a formal motion. The appellant can not now be heard to object to an error, if it be one, which he had thus waived. As to the effect of a waiver, the following authorities may be consulted with advantage : *Miller* v. *Hays*, 20 Ind. 451; *Bradley* v. *The Bank of the State of Indiana*, 20 Ind. 528; *Preston* v. *Sandford's Adm'r*, 21 Ind. 156; *Miles* v. *Buchanan*, 36 Ind. 490 ; *Hauser* v. *Roth*, 37 Ind. 89 ; *Fisher* v. *Hobbs*, 42 Ind. 276 ; *Cromwell* v. *Baty*, 43 Ind. 357 ; *Musselman* v. *Pratt*, 44 Ind.

126; *Marsh* v. *Elliott*, 51 Ind. 547; *Collins* v. *Rose*, 59 Ind. 33; *Wallace* v. *Furber*, 62 Ind. 126; *Smith* v. *The State*, 67 Ind. 61.

2. The appellant claims that there was a mis-trial, and, as there was no complaint in the record, that the judgment can not be upheld for want of a basis.

He has not pointed out to us wherein there was a mis-trial, and we find no such error. The trial was regular, upon a complaint, answer and reply.

No objection was made, or exception taken, to the rendition of the judgment; there is therefore no question as to the sufficiency of the judgment in the record.

The judgment is affirmed, at the costs of the appellant.