THE MONTICELLO HYDRAULIC CO. ET AL. *v.* GREER, SHERIFF, ET AL.

SHERIFF'S SALE.—*Appraisement.—Encumbrances.—Bill of Exceptions.—Supreme Court.*—Where, in a suit to set aside a sheriff's sale of real estate upon the ground that the appraisers did not deduct alleged liens against the property when making the appraisement, the record sets out a written assignment of leases on such real estate, but does not show that the leases were even offered in evidence, nor contain copies thereof, the Supreme Court can not determine whether there were any existing liens against the property or not.

SAME.—*Affidavit of Appraisers.*—Where the appraisement was offered, admitted and read in evidence without objection, any defect in the affidavit of the appraisers would go only to the competency of the appraisement as evidence, and not to its weight; and, where its admission in evidence was not made a cause for the motion for a new trial, the question of the sufficiency of the affidavit is not presented by the record.

From the White Circuit Court.

*R. C. Gregory* and *W. B. Gregory,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellees.

BIDDLE, J.—James C. Reynolds recovered judgment against the appellant, The Monticello Hydraulic Company, in the White Circuit Court, for three thousand three hundred and nineteen dollars and seventy-four cents. Reynolds assigned the judgment to Robert J. Clark, who caused a writ of execution to be issued thereon and delivered to the appellee Greer, who was then sheriff of White county. The sheriff levied the writ upon certain real estate belonging to the hydraulic company, upon

which was situated a mill privilege, mill-dam, race, mills, water-power, etc. The property was regularly advertised by the sheriff and sold to Clark, to whom the sheriff executed a certificate of purchase.

This action is brought to set aside the sheriff's sale, upon the grounds, as averred in the complaint, that:

1. The sheriff failed and refused to furnish the appraisers with a schedule of the liens and encumbrances which were made known to him, on the property;

2. That the appraisers, in making the appraisement, did not deduct liens and encumbrances therefrom;

3. That the appraisers did not appraise the rents and profits of said real estate, and set down the value of each year separately, as required by law; and,

4. That they did not annex a sufficient affidavit to the appraisement.

The complaint was answered by a general denial. Trial by the court, and finding for the defendants below. Judgment; appeal.

Counsel for the appellants, in their brief, make four points, as stated in the complaint, upon which they ask a reversal of the judgment.

The bill of exceptions recites that the plaintiffs, at the proper time, offered competent evidence to prove a certain agreement, " to the effect that the said J. E. Daugherty & Co. should repair said dam, and that the hydraulic company would assign to them all rents then due, and to become due, and accruing to said corporation, from their lessees or tenants, and allow said J. E. Daugherty & Co. to retain their rents upon the leases of water-power, until the receipts " therefor should amount to a sum equal to the amount advanced by them in repairing the dam. Whether the agreement of the hydraulic company with Daugherty & Co., to repair the dam, was in writing or not, does not appear. The bill of exceptions then sets

out a written assignment, by the hydraulic company to Daugherty & Co., of certain written leases of water-power to certain persons, which leases were recorded, but the leases themselves are not set forth in the bill of exceptions. The evidence was objected to by the appellees, and the court sustained the objection.

As these water leases have not been brought before us, it is impossible for us to say whether or not they were liens or encumbrances of any kind, upon the real estate, the sale of which is in controversy. It does not appear by the bill of exceptions, that they were even offered in evi- dence, and the failure to offer them may have been the reason why the court sustained the appellees' objection to the evidence. On this point no error has been shown to us.

The decision of the first point disposes of the second; for, unless liens and encumbrances have been shown to exist, a failure to deduct liens and encumbrances from the appraisement would not render it invalid.

The third objection does not seem to exist in fact. The rents and profits of the real estate for seven years were appraised regularly, and the amount of each year set down separately. Besides, the counsel for appellants have not presented any argument upon this question, in their brief.

But the counsel insist, under their fourth point, that the affidavit of the appraisers, annexed to the appraisement, does not comply with the statute. We do not think it necessary to point out the objections made to the affidavit, because it does not seem to us that the question is pre- sented by the record. The appraisement was offered, admitted and read in evidence, without objection. Any defect in the affidavit would go only to the *competency* of the appraisement as evidence, and not to its *weight;* and when it was offered, admitted and read without objection, it became evidence in the case, whatever might have been

the defects in the affidavit annexed to it, or whether there was any affidavit to it or not. Nor was the admission of the appraisement made a cause in the motion for a new trial; nor any objection made to the affidavit at the time the appraisement was offered, admitted and read as evidence. The following authorities will support our views: *Miller* v. *Hays,* 20 Ind. 451; *Preston* v. *Sandford's Adm'r,* 21 Ind. 156; *Ringle* v. *Bicknell,* 32 Ind. 369; *Hauser* v. *Roth,* 37 Ind. 89; *Cromwell* v. *Baty,* 43 Ind. 357; *Musselman* v. *Pratt,* 44 Ind. 126; *Reid* v. *Hawkins,* 46 Ind. 222; *Marsh* v. *Elliott,* 51 Ind. 547; *Denbo* v. *Wright,* 53 Ind. 226.

We have thus examined all the points made by the appellants, and do not find any error in the record.

The judgment is affirmed, at the costs of the appellants.