# Yeldell *v.* The State.

### *Indictment for an Assault with Intent to Murder.*

1. *Section 4502 of the Code; confession of judgment as affecting costs.*—Upon a confession of judgment by the defendant and his sureties, under § 4502 of the Code for the fine and costs, it is not error for the court to refuse to enter an order on the docket at the defendant's request to limit the confession as to the costs to such as had been incurred on behalf of the State; the judgment entry without such express limitation would include only the costs of the State, and any taxation by the clerk of the costs of defendant would be illegal.

[Yeldell v. The State.]

2. *Argument of counsel; power of court to limit*—The constitutional guaranty "that in all criminal prosecutions the accused has the right to be heard by himself and counsel, or either," is not inconsistent with the existence of power in the court to regulate the exercise of the right of argument by reasonable rules and regulations, which, while preventing the abuse of the privilege of counsel in this regard, do not deprive them of reasonable opportunity to make defense for their clients.

3. *Same.*—In a case where the witnesses are few, and several are examined alone as to the character of the defendant and the party assaulted, and the facts and the principles of law are plain the restriction of counsel to twenty-five minutes for argument by the trial court is not an improper exercise of its discretion.

FROM the Butler Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

J. C. RICHARDSON, for the appellant.

WM. L. MARTIN, Attorney-General for the State, cited Weeks on Attorneys, §115; Proffatt on Jury Trials, §254; *State v. Collins*, 70 N. C., 241; *Dobbins v. Oswalt*, 20 Ark., 619; *Freeligh v. Ames*, 31 Mo., 253; *State v. Page*, 21 Mo., 257; *Lynch v. State*, 9 Ind., 541; *Hurt v. State*, 49 Ga., 255; *Weaver v. State*, 24 Ohio St,, 584; *People v. Keelan*, 13 Cal., 581; *Com. v. Buccieri*, 153 Pa. St., 535.

HARALSON, J.—I. The defendant was tried for an assault with intent to murder. He was convicted of an assault and battery and fined five dollars. He asked a charge which had reference alone to an assault with intent to murder, but we will not consider it, since he was not convicted of this, but of a smaller offense, to the commission of which the charge had no reference.

II. Section 4502 of the Code provides, that " when a fine is assessed, the court may allow the defendant to confess judgment, with good and sufficient sureties, for the fine and costs." The defendant, after he and his sureties had confessed judgment for the fine and costs, requested the court, by an order to be entered on the docket, to limit the confession as to the costs, to such as had been incurred on behalf of the State. The court refused to make such order on the docket, but stated he would instruct the clerk, and did so instruct him, to include in the taxation of the costs, only such as had been incurred on behalf of the State.

To the refusal of the court to make the order on the docket as requested, the defendant excepted. There was no error here. The confession of the judgment was made in exact accordance with the statute, and it was not incumbent on the court to go any farther, and do as the defend-

ant proposed, although it would not have been improper to do so, and really, by so doing, the judgment entry in this respect would have been clearer, and a mistake of a wrong taxation of the costs afterwards, rendered less liable to occur.    The judgment entry, however, as made, could include only the costs of the State, and the clerk, without being told, was bound to know that fact, and that any taxation by him, of the costs of defendant, would be illegal.—*Bowen v. The State*, 98 Ala., 83.

III. The only question presented is, whether the court had the right to limit the argument of the defendant's counsel, as to the time it should occupy.

It is stated in the bill of exceptions, that before the argument of the cause began, the presiding judge stated that he would limit the arguments to fifteen minutes on each side. Against this limitation the defendant, by his attorney, protested, on the grounds that the court had no right, in a case like this, to put such a limit on the speech of his counsel; that fifteen minutes to the side was an unreasonable limitation, in violation of the defendant's rights, and he demanded that the court should not limit the argument of defendant's counsel to fifteen minutes, but allow it without limit as to time.    This the court refused to do, and the defendant excepted.

After one of the defendant's attorneys had addressed the court and jury for twenty-five minutes, the judge announced that his time for argument had expired, and the attorney again demanded that he permitted to continue the argument, which the court refused to allow, and the defendant excepted.

IV. The Constitution of the United States provides (Art. I. §7), That in all criminal prosecutions, the accused has the right to be heard by himself and counsel or either." The constitutions of most of the States have similar provisions, and the Federal Constitution provides, that in all criminal prosecutions, the accused shall have the assistance of counsel for his defense.    (Art. VI. of Amendments.)

In Georgia, in a prosecution for an assault with intent to murder, the court below, against the protest of the defendant, limited the defendant's counsel to thirty minutes in his argument to the jury.    The court allowed him forty minutes. The defendant was convicted of an assault and battery.    On a motion for a new trial, based on these facts, the Supreme Court held that the court below committed a grave error.— *Hunt v. The State*, 49 Ga., 255.

In North Carolina, on a prosecution for murder, the trial

court limited the argument of counsel for defendant to one and a half hours. The right thus to limit counsel, coming before the Supreme Court, the court indulged in an expression of regret at the necessity of a question of the kind to be presented in that court for review, stating, that theretofore, the judges, in the exercise of their discretion in such matters, had deemed it better to submit to an abuse of the privilege of argument by counsel, rather than to appear to deny a right in such connection. The court, however, held that it was a matter within the discretion of the judges to regulate, and that an admission of the discretion was, at the same time, a denial of the right to review the exercise of that discretion. *State v. Collins*, 70 N. C., 241.

These two cases present the extremes of the doctrine, and neither meets our approval. The correct and just principle, santioned by reason and authority, lies between these extremes. Courts are established for the administration and promotion of justice. If time and patience are not accorded a defendant, proceeded against in a cause in which his life or liberty is endangered, this high end and aim of the court, would be subverted. If time is valuable and is pressing, if patience has been sorely taxed, any just judge will be careful, yet, to allow full and fair opportunity to counsel to present his client's defense. This much is guaranteed in the constitution, and no more; and this guaranty is not inconsistent with the existence of power in the court to regulate the exercise of the right of argument by reasonable rules and regulations. Counsel have no more right, from whatever motive, unnecessarily to waste the time of the court, in improper and unnecessary speech, than the court has to deprive them of reasonable opportunity to make defense for their clients. Should they abuse their privilege in this regard, it is the right and duty of the court to restrain them within proper and legal bounds.—Weeks on Attos, § 115; Proffatt on Jury Trials, § 254; *State v. Page*, 21 Mo. 257; *Lynch v. State*, 9 Ind. 541; *Musselman v. Pratt*, 44 Ind. 126; *Weaver v. State*, 24 Ohio St. 584; *Commonwealth v. Buccieri*, 153 Penn. St. 551; *Dobbins v. Oswalt*, 20 Ark. 619; *Freeligh v. Ames*, 31 Mo. 253.

V. The witnesses in this case were but few, and several were examined alone, as to the character of the defendant and the party assaulted, the evidence of all of them being set out in about two and a half pages of the transcript, loosely written, in a large hand. The facts were few and simple, with but slight conflict. The question of self-de-

[Booker v. The State.]

fense hardly had a place for argument, and the principles of law were plain and familiar.

We fail to see any evidence in this record that the privilege of counsel was improperly restricted in this instance. In the absence of such discovery we do not feel authorized to declare that the trial court exercised its discretion improperly.

Affirmed.