## JEFFRIES, EXECUTOR, *v.* ORNDORF, EXECUTOR.

[No. 6,736.  Filed June 29, 1909.]

1.  APPEAL.— *Motions to Dismiss.— Parties.— Names.—* Where the parties on appeal are named as in the pleadings below, such appeal will not be dismissed for defects in the names, especially where there is no showing that the names used are not the true ones.  p. 226.
2.  APPEAL.— *Bills of Exceptions.— Presentation to Judge.— Delay in Filing.—*Where a bill of exceptions is presented to the judge within the time granted, his delay in signing and filing same will not prejudice the appellant.  p. 226.
3.  APPEAL.—*Filing of Transcript.—Dismissal.—*A motion to dismiss an appeal for failure to file the transcript will be overruled where the transcript was filed within the statutory time.  p. 226.
4.  APPEAL.—*Bonds.—Executors.—*An executor is not required to file an appeal bond (§§687, 2980 Burns 1908, §§645, 2457 R. S. 1881).  p. 226.
5.  APPEAL.— *Appearance.— Filing Brief on Merits.— Notice.— Waiver.—*The filing of a brief on the merits of an appeal constitutes an appearance, and is a waiver of lack of notice of such appeal.  p. 226.

From Whitley Circuit Court; *J. W. Adair,* judge.

Action by Henry Jeffries, as executor of the last will of David Jeffries, deceased, against John W. Orndorf, as executor of the last will of Marcus L. Jeffries, deceased.  From a judgment for defendant, plaintiff appeals.  On motion to dismiss the appeal.  *Motion overruled.*  (For final decision, see 46 Ind. App. ——.)

*E. K. Strong,* for appellant.

*B. E. Gates,* for appellee.

WATSON, J.—Appellee has filed a motion to dismiss this cause.

The reason first assigned for such dismissal is that the parties are not properly named in the assignment of errors. The parties are named therein as in the amended complaint, answer, verdict and other proceedings in the court below. Furthermore it is not shown that said parties have full names other than those given in the assignment of errors. Therefore it cannot be successfully urged that the full names were not given.

The court below granted to appellant fifty days within which to present his bill of exceptions. The bill was presented within that time. The statute provides that delay by the judge in signing and filing the bill shall not deprive the party of the benefit thereof. §660 Burns 1908, §629 R. S. 1881.

The transcript was filed in this court within the time allowed by statute. §2978 Burns 1908, Acts 1889, p. 397.

Appellant being an executor, no appeal bond was necessary. §§687, 2980 Burns 1908, §§645, 2457 R. S. 1881.

Appellee, having filed his brief on the merits of this cause, has thereby entered an appearance in this court. Rule 9, Supreme and Appellate Courts. The entering of a general appearance waives lack of notice. *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233; *State* v. *Walters* (1878), 64 Ind. 226; *Jones* v. *Henderson* (1898), 149 Ind. 458; Ewbank's Manual, §199; Elliott, App. Proc., §§376, 519, 677.

Appellee's motion does not present any valid reason for dismissing this cause. The motion is therefore overruled.